307 P.2d 794

Dock BOLTON, Plaintiff-Appellant,

v.

Rex MURDOCK, Employer, and Great American Indemnity Company, Insurer, Defendant-Appellees.

No. 6140.

Supreme Court of New Mexico.

Feb. 21, 1957.

Rehearing Denied March 13, 1957.

Harvey C. Markley, Lovington, Kent Wagonseller, Lubbock, Tex., for appellant.

L. George Schubert, Hobbs, for appellees.

KIKER, Justice.

Claimant brought this action to recover workmen's compensation on account of a claimed injury which he alleged was sustained by him in the course of his employment by defendant while using a sixteen pound maul in digging a drain ditch from a cesspool.

Defendant stated two grounds for defense: first, that claimant served no written notice upon him at any time of the injury which he allegedly sustained; second, that defendant had no actual knowledge at any time that claimant sustained any injury in the course of his employment.

The parties have agreed that the facts necessary to a decision are as stated by appellant in his brief. That statement is as follows: "On June 7, 1955, he was using a 16-pound maul (sledge Hammer) digging a drain ditch in caliche rock to lead from a cesspool. His foreman was on this job with him. After a day of this work, he suffered pain and soreness in his right arm and shoulder. He administered home remedies that night and returned to work the next day but declined to his foreman to use the maul, stating that he had hurt his shoulder and needed to see a doctor. His foreman thereupon used the maul once and decided to call the job finished. The next day he told defendant Murdock's secretary that he had hurt his shoulder using a maul and asked if the company had a doctor. He was advised to use rubbing alcohol. Plaintiff complains of pain in the right shoulder joint and right arm, rendering him unable to perform productive labor. He was sent to Detroit by his employer the next week and upon his return July 5, was asked by his employer the reason for his return at that time. He replied that he had hurt his shoulder and needed to see a doctor. He was advised to lay in the sun, and return to work when he felt able. He was finally sent to Dr. Terry by the secretary on July 16, 1955. Dr. Terry treated him until August 3 and discharged him August 15, 1955. Treatment consisted of pain capsules, infra-red light and salve. He has received no compensation by reason of this injury. No written notice of injury was made prior to filing suit. Defendants deny actual knowledge of a compensable injury within the pertinent time. Plaintiff's doctor states 5 to 10 per cent permanent disability. One of defendant's doctors does not deny disability, the other does. Lay *witneses* for plaintiff testified that he worked hard prior to this injury and could not afterward."

All of the facts as just stated were offered in evidence by appellant at the trial. At the close of plaintiff's evidence, defendant moved the court to direct the jury to return a verdict in his favor and stated as basis for his motion the same reasons as those stated for defense.

The court, having considered the facts as above stated, and having considered the case of Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302, 305, sustained the motion and instructed the jury to return a verdict in favor of defendant. This appeal resulted from the judgment entered upon the verdict.

In stating his reasons for sustaining the motion, the trial judge said that there was no evidence that defendant had actual knowledge of any compensable injury sustained by claimant. This included want of knowledge on the part of "the employer or any superintendent or foreman or other agent in charge of the work in connection

214

with such injury occurred." § 59-10-13, NMSA 1953.

Plaintiff, as the statement of facts shows, had been using a maul pounding on caliche in a ditch during at least one day. The following day he stated to his foreman that he had hurt his shoulder. He did not say how, when or where he had hurt his shoulder, as far as the record shows. It is true that the foreman tried the maul on the caliche for one blow only and then declared the work completed. If, from this fact, any inference arises that claimant said more than the record shows, it is not sufficient to charge the defendant with actual knowledge of the fact that claimant had been injured while working for him in the course of his employment. So far as the record discloses, the claimant might have been injured in going home from his work or while at his home. He merely claims that after retiring, after a day's work pounding caliche with a maul, his shoulder and arm began to pain him. In no way does the record show that he connected this pain with the use of the maul on the caliche.

▇ We hold that defendant was without actual knowledge of any injury sustained by the claimant.

For a second point claimant asserts that his inability to obtain medical assistance within the time allowed by law was caused by circumstances beyond his control.

▇ The statement of facts to which the parties have agreed is sufficient to show that this point is not well taken. We so hold.

As his third point appellant urges that the trial court should not have taken from the jury the question of whether the evidence was sufficient to show actual knowledge on the part of the employer of the claimed injury. The material provisions of the statute, as to knowledge in such cases, are as follows:

"59-10-13. * * * Any workman claiming to be entitled * * * to compensation * * * shall give notice in writing * * * within thirty (30) days * * *; Provided, that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with such injury occurred had actual knowledge of the occurrence thereof. * *"

▇ In the case of Ogletree v. Jones, this court took a position with reference to the proper interpretation of the statute which we do not feel inclined to disturb. From that case we quote:

"Notice in casual conversation is insufficient. * * * It is not enough for one to say he is injured and even show the injured limb without some showing that notice was given or that the employer had *actual knowledge* of

what caused it. \* \* \* And the knowledge which the employer must have to excuse a formal notice is of a compensable injury."

Relying on the case of Ogletree v. Jones, we overrule this contention.

The judgment of the lower court should be and is hereby affirmed.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

McGHEE, J., concurs in the result.