390 P.2d 660

**Charles Phillip SCOTT, Claimant, Plaintiff-Appellant,**

v.

**GENERAL EQUIPMENT COMPANY, Employer, and Hardware Mutual Company, Insurer, Defendants-Appellees.**

**No. 7374.**

Supreme Court of New Mexico.

March 23, 1964.

H. O. Robertson, John W. Reynolds, Silver City, for appellant.

LaFel E. Oman, Garnett R. Burks, Jr., Las Cruces, for appellees.

MOISE, Justice.

Plaintiff appeals from an order sustaining a motion for summary judgment and dismissing his workmen's compensation action.

It is plaintiff's position that the court erred in granting summary judgment because there were present material issues of fact as to the injury claimed to have been suffered, and as to compliance with § 59-10-13.4, N.M.S.A.1953, providing for written notice of the accident and injury, or waiving it where the employer, his superintendent, foreman or other agent in charge of the work had actual knowledge of the occurrence of the accident. Because the notice question is decisive of this appeal, we discuss it only.

There is no disagreement concerning the rule, many times repeated by us, that disputed issues of material fact may not be decided on motion for summary judgment. Buffington v. Continental Casualty Company, 69 N.M. 365, 367 P.2d 539. However, here there is no contention by plaintiff that any written notice was given. On the contrary, he would come within § 59-10-13.4(B), N.M.S.A.1953, which excuses written notice if the "employer * * * or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence."

Plaintiff admits that neither the employer, his office manager, nor anybody else in authority was advised by him of the claimed accident and injury until some 13 days or more after its alleged occurrence, and then only in conversation. This is not a compliance with § 59-10-13.4, N.M.S.A.1953, in any sense.

We observed in Buffington v. Continental Casualty Company, supra, that we had never held that in order to have "actual knowledge," personal witnessing of an accident by a superintendent, foreman or other agent in charge of work was required. In that case we held that verbally advising the employer on the day following the claimed injury, when considered with the other

facts there present, met the requirements of the statute. The oral reporting of an accidental injury on the day following its occurrence, together with the additional facts of Winter v. Roberson Construction Company, 70 N.M. 187, 372 P.2d 381, was held sufficient to support a finding of "actual knowledge."

In Lozano v. Archer, 71 N.M. 175, 376 P.2d 963, we found "actual knowledge" under the particular facts there present where no one in authority actually saw the accident and no written notice had been given, but it was reported immediately.

Adhering to the rule developed in these cases, we are not prepared to find "actual knowledge" which would serve to excuse written notice in a verbal statement to the employer long after the claimed accident giving rise to the injury. In the instant case, it was at least 13 days later, and possibly more, according to plaintiff's testimony viewed in its most favorable light. To hold otherwise would effectively nullify the requirement of written notice, and would stretch "actual knowledge" excusing the same beyond recognition.

The court having ruled correctly, the judgment appealed from is affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.