391 P.2d 336

Antonio C. SANCHEZ, Plaintiff-Appellee and Cross-Appellant,

v.

JAMES H. RHODES & COMPANY and Aetna Insurance Company of Hartford, Connecticut, Defendants-Appellants and Cross-Appellees.

No. 7368.

Supreme Court of New Mexico.

March 30, 1964.

Rehearing Denied April 29, 1964.

Catron & Catron, C. R. McIntosh, Santa Fe, for appellants.

Matias A. Zamora, Alfonso G. Sanchez, John E. Conway, Santa Fe, for appellee.

CARMODY, Justice.

The employer and its insurer appeal from a Workmen's Compensation judgment granting total disability to appellee.

Although appellants attack the judgment on ten separate grounds and appellee has filed a cross-appeal, our determination of one issue is conclusive. This relates to appellants' attack upon the trial court's finding of notice of the accident and injuries. This has reference to the notice required by § 59–10–13.4, N.M.S.A.1953.

Appellee was employed as a laborer in the employer's pumice mill, where pumice is ground, crushed, sacked, and loaded into freight cars for transportation. In the process, considerable dust is created and necessitates the wearing of respiratory masks by the employees. The claim for compensation, and upon which the total disability was granted, is based upon two entirely separate bodily conditions, one of which was seborrheic dermatitis, consisting of a rash upon the upper part of the body

resulting from the pumice dust contacting the skin principally around the parts of the face where the respiratory mask fitted; the other condition was pulmonary fibrosis, which is caused by inhaling the pumice dust. Both of these conditions developed over a period of time, and it is impossible to fix a definite date for the occurrence of an accident causing the injury. The finding of the trial court which is specifically attacked by appellants is as follows:

"That the plaintiff gave written notice within 30 days of the injury as required by law to the employer by letter, from Doctor Earl Pace dated October 20, 1960, to Mr. B. C. Parmer, as defendant employer's superintendent, and by conversation between the plaintiff and defendant employer's foreman, Roman Valdez, who saw plaintiff's skin condition constituting actual knowledge for all injuries."

We will first consider the above finding as it applies to the dermatitis. The letter referred to in the finding had reference only to the dermatitis, and there is no question but that it was a notice of this particular injury. The only problem is whether the same was timely. There is also evidence that the foreman observed the rash on the appellee's face, but the evidence does not indicate that the foreman had any knowledge as to the cause thereof. Ogletree v. Jones, 1940, 44 N.M. 567, 106 P.2d 302;

Copeland v. Black, 1959, 65 N.M. 214, 334 P.2d 1116; Higgins v. Board of Directors of the New Mexico State Hospital, 73 N.M. 502, 389 P.2d 616; Wilson v. Navajo Freight Lines, 73 N.M. 470, 389 P.2d 594; and Daulton v. Laughlin Bros. Drilling Co., 73 N.M. 232, 387 P.2d 336. Thus we must determine whether, by the letter, the 30-day notice of the accident and injury as required by the statute (§ 59–10–13.4, N.M.S.A., 1953) was given.

We have held that the period for giving of such notice begins to run when the claimant knows of his injury. Yardman v. Cooper, 1959, 65 N.M. 450, 339 P.2d 473. Unfortunately for the appellee, the record in this case shows that the appellee was required to stop working in May of 1960 and was hospitalized for a week for the same physical condition; shortly thereafter, in June of 1960, appellee sought help from the State Labor Commission in order to secure compensation for his dermatitis. It is therefore evident that appellee knew of his condition and even felt that it was compensable some three to four months before the date of the letter, which the court relied upon as the 30-day notice. This is not in conformity with the statute, and appellee cannot recover for this condition because of his failure to comply with the mandatory words of the statute. See Daulton v. Laughlin Bros. Drilling Co., supra; Hig-

gins v. Board of Directors of the New Mexico State Hospital, supra; and Wilson v. Navajo Freight Lines, supra.

With respect to the pulmonary fibrosis, admittedly no written notice was ever given. Actually, unless the trial court intended that the last few words of finding No. 13 above set out applied to this condition, there is nothing in the findings at all as to any notice. It was, however, argued that in some way the mentioned finding meant that the notice was given in a conversation with the foreman. This particular conversation consisted of the appellee's saying he was "feeling pretty tired" and that he was "feeling pretty bad from my chest." It is urged that this conversation imparted knowledge to the employer, because the employer's foreman should have realized that appellee might have developed a lung condition as two other employees at some time previously had developed pulmonary ailments.

■ Under our decisions, this conversation was not the equivalent of actual knowledge. Ogletree v. Jones, supra. We there said:

"This knowledge which the statute requires means 'more than just putting upon inquiry and involves more than knowledge of the mere happening * * *.'"

In Ogletree, we also said that the notice must be given or the employer must have actual knowledge of the cause of the injury. We do not believe that a casual conversation with the foreman should be held to give actual knowledge of what caused appellee's chest pains. Copeland v. Black, supra; and Higgins v. Board of Directors of the New Mexico State Hospital, No. 7347, supra. Thus appellee's case must fall, due to lack of notice of the pulmonary fibrosis. However, this does not completely end the matter, because the trial court made another finding which must be considered.

■■ One of the trial court's findings specifically related to the pulmonary fibrosis and detailed some of the history thereof. This finding stated in part that the appellee was hospitalized in the Veterans Hospital from June 21, 1961, until July 14, 1961, then returned to the hospital on August 16, 1961, at which time the final diagnosis was made and the true nature of the ailment discovered, this being some time between August 16, 1961, and August 23, 1961. From these evidentiary facts, the court determined that this particular injury was latent. The court also, in this same finding, stated that the claim for compensation was made on August 17, 1961. It is obvious that if this particular injury was latent, as found by the court, then different questions arise with respect to notice, although nothing is said in the particular finding, or any

others, as to notice of such latent injury. Nevertheless, if the injury was truly latent, it is readily apparent that the claim was prematurely filed, under our decision in Swallows v. City of Albuquerque, 1955, 59 N.M. 328, 284 P.2d 216. Counsel for appellee, no doubt realizing that a serious question was present if the injury was latent, thereby resulting in prematurity of the filing, stated at the time of oral argument that appellee did not rely upon latency and, instead, strongly maintained that the conversation with the foreman and the surrounding circumstances constituted the required actual notice. As we have said, such conversation was not actual notice of the accident or knowledge of the cause thereof and therefore written notice was required. Thus, if the injury was not latent, as is now claimed, the trial court erred in granting compensation; contrariwise, if the injury was latent, even though now discounted by appellee, the claim was prematurely filed and in such event the trial court also erred.

Although appellants also raise several other serious questions in this appeal, our determination of error on the part of the trial court with respect to notice is determinative, and we need not consider the other points raised. Neither is there any necessity in our considering appellee's cross-appeal.

The judgment of the district court will be reversed, with directions to set the same aside and to order a dismissal of appellee's claim for compensation.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.