419 P.2d 756

Henry W. SIMMONS, Jr., Plaintiff-
Appellant,

v.

INTERNATIONAL MINERALS & CHEM-
ICAL CORPORATION, a foreign corpo-
ration, Defendant-Appellee.

No. 8148.

Supreme Court of New Mexico.

Oct. 31, 1966.

Arturo G. Ortega, William E. Snead, Willard F. Kitts, Albuquerque, for appellant.

Neal & Matkins, Carlsbad, for appellee.

OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

This action was filed by the plaintiff to recover benefits provided by the New Mexico Workmen's Compensation Act.

At the close of the plaintiff's case the defendant moved to dismiss the plaintiff's complaint on the ground that the plaintiff had failed to give notice of a compensable injury as required by Section 59–10–13.4, N.M.S.A., 1953 Comp. The motion was sustained by the trial court and from a judgment dismissing the plaintiff's complaint the plaintiff has brought this appeal.

It is not contended that written notice was given to the employer, hence only part B of the statute is applicable and it is as follows:

"Section 59–10–13.4, subd. B. No written notice is required to be given where the employer or any superintendent or fore-man or other agent in charge of the

work in connection with which the accident occurred had actual knowledge of its occurrence."

The appellant makes the sole contention that the defendant had knowledge of the occurrence of the accident and for that reason the ruling of the trial court was erroneous.

A summary of the appellant's testimony relevant to notice, or actual knowledge, shows that the injury occurred on a Saturday morning as he was attempting to lift a buffer. He had never before attempted to lift the buffer unaided. He continued to work the remainder of the day and reported back for work on the following Tuesday, that being his next regular work day. On Tuesday he went to the office of his supervisor and the record reflects the following conversation as related by the appellant:

"* * * I told him how I had hurt my back lifting that buffer there on Saturday. He said 'Why?' and I said 'Well, because, I knew that I had to, I had to put it up.' He said 'Well, we will see what we can do about it. See if we can't fix something some way to get it over here.' That was all."

The comment made by the supervisor, if made, can be better understood in the light of other testimony by the appellant that the buffer had to be taken from one building to another.

After working for two or three days following his reported conversation with the supervisor, the appellant never again worked for the Appellee, and an exhibit before the court signed by the appellant and his doctor showed the reason for not reporting for work to be an illness of "flu and sinus infection." This was the record before the trial court insofar as notice is concerned at the time of the defendant's motion to dismiss.

The appellant places reliance upon Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438, in support of his contention that the trial court could not disregard evidence that is not contradicted. In advancing this argument the appellant overlooks the exhibit referred to in the preceding paragraph.

In Frederick v. Younger Van Lines, supra, we again reiterated that a trial judge, when ruling on a motion to dismiss made at the close of the plaintiff's case, is not required to view plaintiff's testimony together with all reasonable inferences therefrom in its most favorable aspect for the plaintiff, but rather that the court weighs the testimony and applies its judgment thereto. The trial court having announced its findings and judgment we are now called upon to consider whether or not

the findings are supported by substantial evidence. In making that determination we must view the evidence in the light most favorable to support the findings. Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568.

Here the only evidence of notice was the casual conversation between the appellant and the supervisor. Thus, the facts of this case fall short of the evidence in support of notice that existed in Buffington v. Continental Casualty Co., 69 N.M. 365, 367 P.2d 539; Winter v. Roberson Construction Company, 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933; Lozano v. Archer, 71 N.M. 175, 376 P.2d 963. In those cases there were additional facts established following the verbal report that were indicative of actual knowledge.

Viewing the meager testimony relied upon by the appellant to show actual knowledge in the light of Scott v. General Equipment Company, 74 N.M. 73, 390 P.2d 660; Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302; Copeland v. Black, 65 N.M. 214, 334 P.2d 1116, we reach the same conclusion arrived at by the trial court.

The judgment appealed from is affirmed.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.