448 P.2d 477

Arthur GUTIERREZ, Plaintiff-Appellant,

v.

WELLBORN PAINT MANUFACTURING COMPANY, Employer, and Fireman's Fund Insurance Company, Insurance Carrier, Defendants-Appellees.

No. 187.

Court of Appeals of New Mexico.

Nov. 27, 1968.

A. T. Montoya, Montoya & Montoya, Albuquerque, for appellant.

David R. Gallagher, Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellees.

## OPINION

WOOD, Judge.

This appeal is concerned with the "actual knowledge" which excuses written notice in a workmen's compensation case. See § 59–10–13.4(B), N.M.S.A. 1953. The actual knowledge required is knowledge of an accident and knowledge of a compensable injury. Roberson v. Powell, 78 N.M. 69, 428 P.2d 471 (1967); Smith v. State, 79 N.M. 25, 439 P.2d 242 (Ct.App.1968). The trial court found there was "no actual knowledge of a compensable injury" and dismissed plaintiff's claim; he appeals. The issue is whether there is substantial evidence to support the finding. If the challenged finding has substantial support, the judgment should be affirmed. Witt v. Marcum Drilling Company, 73 N.M. 466, 389 P.2d 403 (1964).

Plaintiff verbally informed his foreman that he had fallen and hurt himself. On the basis of this verbal report, he contends the employer is charged with actual knowledge of the accident and of a compensable injury.

The fact that a verbal report has been made is not, in itself, determinative of the question of "actual knowledge" within the meaning of § 59–10–13.4(B), supra. Scott v. General Equipment Co., 74 N.M. 73, 390 P.2d 660 (1964). All of the circumstances must be considered; verbal notice is only one of the circumstances. See Waymire v. Signal Oil Field Service, Inc., 77 N.M. 297, 422 P.2d 34 (1966); Baca v. Swift & Co., 74 N.M. 211, 392 P.2d 407 (1964); Lozano v. Archer, 71 N.M. 175, 376 P.2d 963 (1962); Winter v. Roberson Construction Co., 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933 (1962).

Here, the date of the accident is uncertain; there is evidence that it happened on December 15th, 16th, 17th, 22nd or 23rd. The trial court made no finding as to the specific date of the accident. Plaintiff continued to work through December 31st when he was laid off for lack of work. There is evidence that plaintiff made his verbal report to the foreman "sometime in January." The unchallenged finding of the trial court does not establish the date of this verbal report; rather, the trial court found that plaintiff made his verbal report "after he was discharged."

When the verbal report was made to the foreman, plaintiff was asked if he wanted to go to a doctor; he said that he did not. Plaintiff first sought medical attention in connection with the accident on January 17th; this was after the verbal report to the foreman.

We do not know how promptly the verbal notice was given; it was at least eight days and could be more than sixteen days after the accident. When the verbal report was made the offer of medical attention was declined. Plaintiff did not contact the foreman subsequent to his verbal report. It was sometime in the following June before the matter was brought to the employer's attention.

Admittedly, the foregoing reviews the evidence in the light most favorable to support the finding; however, this is the rule to be followed on appellate review.

Witt v. Marcum Drilling Company, supra. The circumstances shown by the evidence support the finding that the employer did not have "actual knowledge of a compensable injury". Accordingly, we cannot say as a matter of law that the trial court erred in so finding.

The judgment of dismissal is affirmed. It is so ordered.

SPIESS, C. J., and OMAN, J., concur.