492 P.2d 1293

James O. HAMMOND, Plaintiff-Appellant,

v.

Harold KERSEY, d/b/a Kersey & Company, Employer, and Home Indemnity Insurance Company, Insurer, Defendants-Appellees.

No. 736.

Court of Appeals of New Mexico.

Jan. 7, 1972.

Don G. McCormick, McCormick, Paine & Forbes, Carlsbad, for plaintiff-appellant.

Lowell Stout, Hobbs, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

Plaintiff appeals the judgment denying him workmen's compensation. The dispositive issues involve: (1) written notice and (2) latent injury.

*Written notice.*

The trial court found that on December 12, 1969 plaintiff suffered injury by accident arising out of and in the course of his employment. The accident occurred on an oil field location but the log for December

12th does not list an accident or an injury. On December 15, 1969 plaintiff was working at another location, but for the same employer. The log for December 15th reports " 'J. O. [plaintiff] injured back.' " The log was delivered to the employer on December 15th, but the notation about plaintiff was overlooked. Apart from the notation in the log, the employer had no knowledge concerning the incident until April 28, 1970. The question is whether the log notation suffices as written notice.

The applicable portion of § 59–10–13.4(A), N.M.S.A.1953 (Repl. Vol. 9, pt. 1) reads:

> "Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty [30] days after their occurrence; . . ."

The statute requires written notice of an accident and of an injury. Bell v. Kenneth P. Thompson Co., 76 N.M. 420, 415 P.2d 546 (1966).

Assuming the employer was charged with notice of the contents of the log within a reasonable time after its receipt, what notice was given to the employer by the notation? There was notice of an injury; was there notice of an accident?

■ Plaintiff states: " . . . It is customary that any accidents occurring on the rig be entered on the log. If Mr. Kersey had noticed the entry . . . he would have investigated the matter and notified his insurance company. If the entry in the log had been brought to his attention, he would have known that J. O. Hammond claimed to have injured his back and would have done something about it. . . . " This argument goes no further than to state that inquiries would have been made. "Putting on inquiry" is not sufficient as notice. Roberson v. Powell, 78 N.M. 69, 428 P.2d 471 (1967); Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302 (1940).

Plaintiff also states: " . . . When a crew of two men is working on a drilling rig or on related work in an isolated spot, the notation of an injury to the back should be sufficient, since such an injury connotes an accidental injury on the job." As we read the total notation—"Straighten tubing at old Loco Water Flood J. O. injured back"—the implication is that plaintiff hurt his back while straightening tubing at the location where he was working on December 15, 1969. This cannot be construed as notice of an accident at a different location on December 12, 1969.

Since the accident claimed by plaintiff and found by the trial court is an accident of December 12, 1969, the finding of no written notice of that accident is supported by substantial evidence.

*Latent injury.*

■ As an alternative to the first point, plaintiff claims that his injury was latent because plaintiff did not know the seriousness of his injury until May 24, 1970. If the injury was latent, the notice requirements would apply " . . . only after he knew, or should have known by the exercise of reasonable diligence, that he had incurred a compensable injury. . . . " Brown v. Safeway Stores, Inc., 82 N.M. 424, 483 P.2d 305 (Ct.App.1970).

■ The trial court found that plaintiff " . . . knew or should have known he had sustained a compensable injury and that the injury was of such gravity to cause any reasonable person to give notice of the accident and injury to his employer. Plaintiff admitted that he was in constant pain from the date of the accident; he said that he was prevented from performing his work and required assistance from his brother in the performance of his work." Compare Gomez v. Hausman Corp., (Ct.App.), 83 N.M. 400, 492 P.2d 1263, decided December 10, 1971. The trial court concluded the injury was not latent.

Plaintiff's own testimony is substantial evidence supporting the finding and the conclusion based thereon. Since the finding is supported by substantial evidence, the conclusion of no latent injury is to be

affirmed. Gutierrez v. Wellborn Paint Manufacturing Company, 79 N.M. 676, 448 P.2d 477 (Ct.App.1968). However, plaintiff states: "We believe that from the evidence . . . the court should have found that the injury was a latent one. . . ." Admittedly, the evidence on the question of latent injury is conflicting, but it is the trial court that resolves the conflicts. It did so by a finding supported by substantial evidence. Brown v. Safeway Stores, Inc., supra; see Clark v. Duval Corporation, 82 N.M. 720, 487 P.2d 148 (Ct.App.1971).

The judgment is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.