506 P.2d 93

**Clifford NORRIS, Plaintiff-Appellant,**

v.

**AMAX CHEMICAL CORPORATION, Employer and Self-Insuror, Defendant-Appellee.**

**No. 981.**

Court of Appeals of New Mexico.

Jan. 19, 1973.

Dick A. Blenden, Michael F. McCormick, Carlsbad, for plaintiff-appellant.

C. A. Feezer, Dow & Feezer, Carlsbad, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The propriety of the summary judgment in favor of defendant in this workmen's compensation case involves the question of "actual knowledge" of a compensable injury.

On November 25, 1970, while at work, plaintiff was struck across the left eye by a cable. He was taken to a doctor, treated for cuts (two stitches were taken) and returned to work the next day.

Defendant's motion for summary judgment was supported by the affidavit of defendant's safety engineer. The affidavit states that the treating physician reported "no disability" and the accident report was closed. The affidavit states: " * * * nothing further by way of 'notice' of any compensable injury * * * was received * * * *" until defendant received two medical bills for treatment of plaintiff's eye in November, 1971.

Plaintiff contends his deposition testimony raises an issue of fact as to defendant's knowledge of a compensable injury. He relies on testimony that he spoke about his eye trouble, and of not being able to see, to several persons associated with the company.

Assuming the persons to whom plaintiff spoke were superintendents, foremen or agents in charge of the work, see § 59–10–13.4(B), N.M.S.A.1953 (Repl.Vol. 9, pt. 1), these conversations do not raise a factual issue as to actual knowledge of a compensable injury.

■ Section 59–10–13.4(A), N.M.S.A. 1953 (Repl.Vol. 9, pt. 1) provides that written notice is to be given of the accident and injury. Written notice is excused if there is actual knowledge, but the actual knowledge which excuses written notice must have been acquired within the time allotted for the written notice. Rohrer v. Eidal International, 79 N.M. 711, 449 P.2d 81 (Ct.App.1968).

■ In this case, defendant made a prima facie showing that no actual knowledge of a compensable injury was acquired within the time provided for written notice. See § 59–10–13.4(A), supra. With this showing, plaintiff had the burden of showing that a factual issue existed as to the time when actual knowledge of a compensable injury was acquired by defendant. Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972). One conversation referred to by plaintiff in his deposition affirmatively shows that conversation occurred long after expiration of the time for giving written notice. Plaintiff's deposition does not indicate when the other conversations occurred. Nor can the time of these other conversations be inferred.

■ In this posture, plaintiff failed to show that a genuine factual issue existed as to when defendant acquired actual knowledge of a compensable injury. Under Goodman v. Brock, supra, summary judgment was proper if actual knowledge of a compensable injury is required under § 59–10–13.4(B), supra.

■ In Beckwith v. Cactus Drilling Corporation, (Ct.App.), 84 N.M. 565, 505 P.2d 1241, decided November 30, 1972, this court held that the statutory provision for "actual knowledge," § 59–10–13.4(B), supra, was satisfied when the employer had actual knowledge of the accident. Although defendant did not have actual knowledge of a compensable injury, the notice requirement was satisfied since defendant had actual knowledge of the accident.

The only issue presented in this appeal was the question of actual knowledge. On the basis of Beckwith, supra, the summary judgment is reversed. The cause is remanded with instructions to set aside the summary judgment and proceed in accordance with this opinion.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.