521 P.2d 130

**Robert ANAYA, Plaintiff-Appellant,**

v.

**BIG THREE INDUSTRIES, INC., and
Highlands Insurance Company,
Defendants-Appellees.**

**No. 1286.**

Court of Appeals of New Mexico.

March 27, 1974.

Scotty N. Oliver, Hannett, Hannett, Cornish & Barnhart, Albuquerque, for plaintiff-appellant.

Peter G. Prina, Gene C. Walton, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

In this workmen's compensation case, the trial court concluded that neither actual notice nor written notice had been given in compliance with § 59–10–13.4, N.M.S.A. 1953 (Repl. Vol. 9, pt. 1). Plaintiff appeals from the dismissal of his claim.

Section 59–10–13.4, supra, reads:

"A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident and of the injury within thirty [30] days after their occurrence; unless, by reason of his injury or some other cause beyond his control the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later than sixty [60] days after the occurrence of the accident.

"B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence."

*Actual notice.*

■ To avoid the requirement of written notice only actual knowledge of the accident is required. Beckwith v. Cactus Drilling Corporation, 84 N.M. 565, 505 P. 2d 1241 (Ct.App.1972). Such actual knowledge must be acquired within the time provided for giving written notice. Rohrer v. Eidal International, 79 N.M. 711, 449 P.2d 81 (Ct.App.1968). If there was actual knowledge of the accident in this case, it was timely. The issue is whether the evidence supports the findings of the trial court to the effect that there was no actual knowledge.

The evidence is that on the day of the alleged accident, plaintiff was working with his immediate supervisor in effecting repairs to equipment. The two worked together on the repairs on Friday, Saturday (until noon) and on the following Monday. The dates are January 7, 8 and 10, 1972. On Friday morning, the two lifted a hopper from a generator. According to plaintiff, the accident occurred during this lifting. Also, according to plaintiff, he told the supervisor he had hurt his back at the time it happened on Friday, and also informed him about the accident while they were working together on Saturday and Monday.

The supervisor's testimony differs. The supervisor repeatedly testified that he had no recollection of plaintiff stating that he had hurt his back and no recollection of any complaints of back pain by plaintiff on any of the three days the two worked together.

■ Plaintiff asserts the supervisor's "no recollection" testimony does not conflict with plaintiff's positive testimony. See Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997 (1952). He asserts that apart from the "no recollection" testimony, there is no evidence which conflicts with plaintiff's testimony concerning actual knowledge. On this basis, he contends the uncontradicted evidence rule applies and requires us to hold that the supervisor had actual knowledge of the accident. See Medler v. Henry, 44 N.M. 275, 101 P.2d 398 (1940).

We need not decide the effect of "no recollection" testimony in this case. There is other evidence which conflicts with plaintiff's testimony. Because of this conflicting evidence, the uncontradicted evidence rule is not applicable.

The conflicting evidence was testimony of the supervisor and of the employer's plant manager.

The supervisor testified he was "positive" that plaintiff made no statement to him about his back; that he was "sure" that plaintiff never stated he had hurt his back; that he was "certain" that plaintiff did not report an injury to him. Asked if a report of injury on Friday, Saturday and Monday could have occurred and he could have failed to remember these reports, the supervisor stated: "Not three days in a row, no, sir." Assuming this testimony of the supervisor conflicts with his "no recollection" testimony, the conflict was to be resolved by the trial court. Rohrer v. Eidal International, supra.

The manager testified that he learned of plaintiff's claim on March 6, 1972, and on that date questioned the supervisor about the claim. According to the manager, the supervisor stated he had no knowledge of plaintiff getting hurt; that plaintiff "didn't make any report to him at all."

The foregoing evidence conflicts with plaintiff's testimony and is substantial evidence, if believed, that the supervisor had no actual knowledge of the accident. It was for the trial court to resolve the conflict. Rohrer v. Eidal International, supra. The trial court resolved the conflict in finding an absence of actual knowledge. It did not err in doing so.

*Written notice.*

■ Section 59–10–13.4(A), supra, requires written notice "to his [the workman's] employer of the accident and of the injury within thirty [30] days after their occurrence." An insurance adjuster for the employer's workmen's compensation insuror received written notice of an accident and injury on February 22, 1972. The trial court found that plaintiff knew or should have known of the accident and injury on January 7, 8 and 10, 1972. We view this finding as a finding that plaintiff knew or should have known of a compensable injury on these dates. The trial court also found that no written notice of the accident and injury was given to the employer or any agent within the time periods provided in § 59–10–13.4(A), supra.

The conclusion of no written notice is necessarily based on these findings. Plaintiff asserts the evidence does not support the findings. We agree.

There are two parts to the written notice issue. They are: (1) the time for giving written notice and (2) the person to whom written notice was given.

(1) Time for giving written notice.

The sixty day provision of § 59–10–13.-4(A), supra, is not involved. Our concern is with the requirement that written notice of the accident and injury be given within thirty days after their occurrence. This requirement means: "The period limited for this notice begins to run from the time the workman knows, or should know by the exercise of reasonable diligence, that he has sustained injury by accident in the course of his employment." Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680 (1960). The knowledge of a workman, with which this rule is concerned, is knowledge of a compensable injury. Langley v. Navajo Freight Lines, Inc., 70 N. M. 34, 369 P.2d 774 (1962). "The period for written notice does not begin to run until plaintiff is charged with such knowledge." Rohrer v. Eidal International, supra.

There is no evidence that plaintiff knew or should have known of a compensable injury through January 10, 1972. During that period of time plaintiff worked at his regular job. For a reason unrelated to the workmen's compensation claim, plaintiff was discharged at the end of his work on January 10th. At that time, according to testimony elicited on cross-examination, plaintiff intended to return to work the following day, had no intention of discontinuing his work and had planned to continue his work.

■ Compensation is paid only when there is a disability. Section 59–10–13.3, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). Disability is defined in terms of inability to perform the usual tasks of his employment or work for which the workman is fitted. Sections 59–10–12.18 and 59–10–12.19, N.

M.S.A.1953 (Repl.Vol. 9, pt. 1, Supp.1973). There is no evidence that plaintiff suffered a disability within the meaning of §§ 59–10–12.18 and 59–10–12.19, supra, on January 7, 8 or 10, 1972. Accordingly, there is no evidence of a compensable injury on those dates. Absent evidence of a compensable injury, there is no basis for finding that plaintiff knew or should have known of a compensable injury on those dates.

Plaintiff requested the trial court to find that the first time plaintiff knew he had a compensable injury was on January 25, 1972. He contends the refusal of the requested finding was error. We agree.

The trial court found that plaintiff called his doctor for an appointment on January 10 and obtained the January 25, 1972 appointment. Between the time of plaintiff's alleged injury on January 7, and the doctor's appointment on January 25, 1972, plaintiff continued with his second job, that of watchman on weekends, at the county dump. He had continued with the weekend watchman's job to time of trial.

After being discharged on January 10, plaintiff sought employment of the same type that he had been performing for the employer in this case. He sought this employment at three different firms. Under one line of evidence, he sought this employment prior to the doctor's appointment. Under another line of evidence, his job hunting was after the doctor's appointment.

Testimony elicited on direct examination was that plaintiff had previously had back trouble but had continued working while undergoing medical treatment. After the alleged injury on January 7, 1972, plaintiff testified that he had back pain and had ·difficulty in bending and lifting, but felt he would be able to get along with the pain until he saw the doctor. The doctor's appointment was for January 25, 1972.

According to plaintiff, at the appointment on January 25, the doctor stated that plaintiff could not do heavy work and could not go back to the work he had been doing for the employer in this case.

■ Under the evidence, the earliest that plaintiff could be charged with knowledge of a compensable injury is January 25, 1972. The trial court erred in refusing the requested finding.

The written notice, having been received on February 22, 1972, was within thirty days of the time plaintiff knew or should have known of a compensable injury. The trial court erred in finding that written notice was not given within the time provided by § 59–10–13.4(A), supra.

(2) Person to whom notice was given.

■ Section 59–10–13.4(A), supra, states that the written notice is to be given the employer. The undisputed evidence is that the written notice was received by an insurance adjuster. Defendants assert this fails to meet the statutory requirement. We disagree.

The adjuster testified that prior contact with plaintiff had been in connection with an ankle injury that plaintiff had received in 1969 while working for the employer in this case. According to the adjuster, plaintiff was aware the adjuster did adjusting work on matters that occurred at the employer's plant. According to the adjuster, when he received the written notice from plaintiff's attorney, he was acting for the employer.

■ "[T]he fact of agency when it rests in parol, may be established on the trial by the testimony of the agent himself." State v. Kelly, 27 N.M. 412, 202 P. 524, 21 A.L. R. 156 (1921). The adjuster's trial testimony, that he had acted for the employer in connection with a prior injury of plaintiff and was acting for the employer in receiving the written notice in this case, is substantial evidence of his agency. There is no contradictory evidence concerning the agency. The trial court erred in finding that no written notice was given to an agent of the employer.

We affirm the trial court's decision concerning actual knowledge. We reverse the trial court's decision concerning written notice. The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.