535 P.2d 1332

**SAFECO INSURANCE COMPANY OF AMERICA, INC., Plaintiff-Appellant,**

v.

**Bernard J. McKENNA and Richard E. McKenna, Defendants-Appellees,**

and

**Robert Ortiz, Intervenor-Appellee.**

**No. 9965.**

Supreme Court of New Mexico.

May 14, 1975.

Shaffer, Butt, Jones & Thornton, Albuquerque, for plaintiff-appellant.

Thomas D. Schall, Bradford H. Zeikus, Albuquerque, for defendants-appellees.

## OPINION

MARTINEZ, Justice.

Robert Ortiz filed suit against Bernard J. McKenna and his son, Richard E. McKenna, in the district court of Bernalillo County for personal injuries which Mr. Ortiz received in a fight with Richard E. McKenna. In his complaint, Mr. Ortiz alleged that the damages he sustained were the result of an intentional tort committed by the younger McKenna. Safeco Insurance Company of America, Inc. (hereinafter "Safeco") refused to provide coverage to its insured, Bernard J. McKenna, based upon an exclusionary clause in the policy which it then had in force with Mr. McKenna.

Safeco brought suit in the district court of Bernalillo County for a declaratory judgment of its rights and obligations under a homeowner's insurance policy issued to Bernard J. McKenna. The Court entered a judgment in favor of McKenna, ruling that Safeco should provide coverage for Mr. McKenna. Safeco appeals.

Safeco, in its suit for declaratory judgment, attached a copy of a homeowner's policy form as Exhibit "A," which policy contained a clause covering the exclusion in question. In paragraphs 5 and 6 of the district court's findings of fact and conclusions of law, the Court found that Bernard J. McKenna's homeowner's insurance policy contained certain exclusionary provisions. After the transcript had been filed

**482**

with this Court, and the brief in chief, answer brief and reply brief had been submitted, and arguments heard, it was discovered by the parties that the wrong insurance policy had been attached to the original complaint herein as Exhibit "A."

The parties then filed a stipulation which set forth the facts of such discovery and to which was attached a copy of the proper policy which was actually in force between Safeco and McKenna at the time in question. The language of the exclusionary clause in the policy attached to the complaint and used by the district court in reaching its decision is not the same in the second policy, discovered to be the correct one.

The district court was therefore not in a position to make findings of fact and conclusions of law based upon the "proper" factual evidence.

The Supreme Court cannot second guess how the trial court would have ruled had it had the proper and pertinent insurance policy before it.

This Court is not authorized to make findings which the district court should have made, nor to draw inferences therefrom. Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921 (1937). We are not a fact finding body and must depend upon the district court for findings of fact. Gruschus v. C. R. Davis Contracting Company, 77 N.M. 614, 426 P.2d 589 (1967); Cheek v. Radio Station KGFL, 47 N.M. 79, 135 P.2d 510 (1943).

We must, therefore, remand this matter to the district court to determine the rights and obligations of the parties and reach a decision based upon findings of fact and conclusions of law consistent with the proper insurance policy which was in force at the time of the incident in question.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.