593 P.2d 470

Mary HERNDON, Plaintiff-Appellee,

v.

ALBUQUERQUE PUBLIC SCHOOLS
and Commercial Standard Insurance
Company, Defendants-Appellants.

No. 3164.

Court of Appeals of New Mexico.

July 18, 1978.

Thomas E. Jones, Albuquerque, for plaintiff-appellee.

Vance Mauney, P. A., Albuquerque, for defendants-appellants.

SUTIN, Judge.

This is a workmen's compensation case. The trial court made the following pertinent findings of fact and conclusions of law:

1. The Plaintiff was an employee of the Defendant, the Albuquerque Public School Systems, for approximately eight (8) years.

2. *From the period of June 1975 until September 1975*, the Plaintiff suffered *an accident within the meaning of the New Mexico Workmens Compensation Act.*

3. The Plaintiff gave notice to her employer and the employer had actual knowledge of the accident and injury.

4. The Plaintiff *endured an accident within the meaning of the New Mexico Workmens Compensation Act* and the same resulted in an injury which has rendered her 100% totally disabled.

\* \* \* \* \* \*

2. The Plaintiff suffered an accident and resulting injury as a result of *an accident within the meaning of the New Mexico Workmens Compensation Act.*

3. The injury sustained by the Plaintiff as a result of the accident suffered is a totally disabling injury and the Plaintiff is one hundred percent (100%) dis-

abled, *as of June 4, 1975.* [Emphasis added.]

Judgment was entered for plaintiff and defendant appeals. We affirm and remand.

A. *Facts.*

Plaintiff, in her job as a textbook room clerk, was in charge of the total operation of the textbook room, inventorying and classifying all the books used in the school.

Plaintiff had a medical history of back injury and pain. She was hospitalized for three weeks in 1964 for a fractured sacrum (the last bone of the spine) which resulted from a fall. An automobile accident in 1968 and one in 1973 have also contributed to her back pain. Plaintiff had two intervertebral discs excised in August of 1973 and on December 14, 1973, because of discomfort in the lower back, she began to wear a lumbosacral corset for back support. Also, in 1974, plaintiff complained of back pain.

At the close of the 1975 school year, plaintiff's job required her to lift and carry about 13,500 books within a time span of about two weeks. Plaintiff carried books or carted books upstairs and downstairs without the aid of an elevator.

Prior to and during the week of June 4, 1975, plaintiff had no pain in her back and worked without her corset. On June 4, 1975, while pushing a cart of books down a ramp, the cart went so fast that plaintiff was unable to control it and she and the books all landed on the floor. Plaintiff suffered severe pain in her back. While performing her duties, everytime she went up and down the stairs she experienced severe pain in her leg and up her back.

After her fall and until her vacation commenced on July 28, 1975, plaintiff continued to lift heavy loads of books. She made 40–50 trips carrying books down the stairway of the school, each trip causing agony in her leg and back. Plaintiff's intense back pain persisted while she vacationed at her daughter's home. Plaintiff returned to work on August 28, 1975 and continued to work until September 2, 1975, at which time

she terminated her employment because of severe back pain.

Plaintiff's doctor testified that the cause of plaintiff's present condition was the tremendous amount of back sprain and the pressure put on her back by the type of work she performed; that her back was so painful that doctors could do nothing for her; and that he advised her to retire.

Plaintiff made no claim for compensation at the time of the fall on June 4, 1975. Though she was aware of workmen's compensation benefits and her right to receive them, she preferred to work and retain her job. She thought this condition would "straighten up."

On appeal, defendant claims the following errors: Defendant argues (1) that the court made *no finding of fact* that the accident occurred while plaintiff was acting in the scope of her employment; (2) that the time, place and cause of the injury by accident is not definite and certain as required by law; that no finding was made that this requirement was met; (3) that as *a matter of law*, plaintiff did not suffer an injury by accident arising out of the course of her employment; (4) that the employer had *no actual knowledge* of the accident; and (5) that there was no substantial evidence to support the court's findings No. 2, 3 and 4.

#### B. *Deficiencies in trial court's findings and their interpretation.*

The trial court found that plaintiff suffered an accident within the meaning of the New Mexico Workmen's Compensation Act from the period of June 1975 until September 1975, "endured" it, but was totally disabled as of June 4, 1975.

Haphazard findings of fact were submitted by plaintiff's attorney and adopted by the trial court. Our continued criticism of this practice has been disregarded. We do not condone this careless conduct, but we must try to interpret the findings made, from the comments of the court and the evidence in the record, to support the judgment entered.

*Safeco Insurance Co. of America, Inc. v. McKenna*, 87 N.M. 481, 482, 535 P.2d 1332, 1333 (1975) says:

This court is not authorized to make findings which the district court should have made, nor to draw inferences therefrom. [citation omitted.] We are not a fact finding body and must depend upon the district court for findings of fact.

This means that it is beyond the function of an appellate court to find facts omitted by the trial court. Our duty is to interpret the findings made to determine whether the findings are sufficient to support the judgment entered.

The spirit of the Workmen's Compensation Act does not speak in terms of technical deficiencies; it speaks in terms of a system of compensation for impaired workmen that is humanitarian, economical and seeks to avoid harsh results. While we do not condone the sloppy findings made, there is no harm in giving findings of fact a liberal interpretation if the interpretation is supported by the evidence.

The phrase "within the meaning of the New Mexico Workmen's Compensation Act" can be given a broad and liberal construction. At the close of the trial, the court said:

The plaintiff, Mary Herndon, suffered an injury in the course of her employment on or about June the fourth, 1975.

Section 59–10–13.3(A), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) reads as follows:

Claims for workmen's compensation shall be allowed only:

(1) when the workman has sustained an accidental injury arising out of, and in the course of his employment;

(2) when the accident was reasonably incident to his employment; and

(3) when the disability is a natural and direct result of the accident.

When a finding is made that an accident occurred "within the meaning of the Act," it is implicit that it occurred in the course of the claimant's employment. This is especially true when the court orally makes a comment to that effect and the evidence is

undisputed. If the trial court had not believed that the statutory requirements were met, it would have denied plaintiff workmen's compensation benefits.

We interpret the finding of the court to mean "The plaintiff suffered an accident which complied with the provisions of the New Mexico Workmen's Compensation Act."

C. *The time, place and cause of the accident was definite and certain.*

■ What is meant by the phrase, "an accident within the meaning of the Workmen's Compensation Act?" In the sense of the statute, an "accident is an unlooked for mishap, or untoward event which is not expected or designed." *Lyon v. Catron County Commissioners*, 81 N.M.. 120, 464 P.2d 410 (Ct.App.1969). How can such an accident occur for a period of time from June 1975 until September 1975? How does a workman "endure" this accident? How can plaintiff be totally disabled on June 4, 1975 when she performed her duties until September 2, 1975?

■ With reference to the date of the accident, we agree that the time, place and cause of the injury must be definite and certain. *Stevenson v. Lee Moor Contracting Co.*, 45 N.M. 354, 115 P.2d 342 (1941). This is essential to determine whether the employer had written notice or actual knowledge of the accident within 30 days after its occurrence pursuant to § 59–10–13.4. *Beckwith v. Cactus Drilling Corporation*, 84 N.M. 565, 505 P.2d 1241 (Ct.App. 1972).

■ It has been firmly established that the 30 day provision for written notice applies to the substitute provision for actual knowledge. The employer must have actual knowledge of the accident within 30 days after its occurrence. *Rohrer v. Eidal International*, 79 N.M. 711, 449 P.2d 81 (Ct.App. 1968); *Anaya v. Big Three Industries, Inc.*, 86 N.M. 168, 521 P.2d 130 (1974); *Norris v. Amax Chemical Corporation*, 84 N.M. 587, 506 P.2d 93 (Ct.App.1973).

Plaintiff and defendants rely upon those cases in which the injury is gradual and progressive and not immediately discoverable under these authorities, the precise time of the beginning of the accident is uncertain. Weeks or months may pass before a determination can be made that the accident has in fact occurred. These are cases such as breathing dust or gases, using allergic soap, frost bite, slow poisoning, germ disease, strain, or a series of slight injuries ending in a serious one. The cases are collected in *Webb v. New Mexico Pub. Co.*, 47 N.M. 279, 141 P.2d 333 (1943) and *Stevenson v. Lee Moor Contracting Co.*, supra. See also *Gilbert v. E. B. Law and Son, Inc.*, 60 N.M. 101, 287 P.2d 992 (1955). These cases are not in point.

■ We interpret the trial court's finding No. 2 to mean that:

On June 4, 1975, plaintiff suffered an accident and injury which plaintiff endured until September 2, 1975 when plaintiff suffered an accidental injury that arose out of and in the course of her employment, at a time when the accident was reasonably incident to the employment and when the disability was a natural and direct result of the accident.

We conclude that the trial court made sufficient findings to meet the requirements of definiteness and certainty.

D. *Defendants failed to establish as a matter of law that plaintiff did not suffer an injury by accident arising out of and in the course of her employment.*

Defendants argue that no decision in New Mexico "holds that any condition which develops pain but which does not result in malfunction of the body is 'injury caused by accident,' as required by § 59–10–6 [sic] N.M.S.A.1953 Comp. (Repl.Vol. 9, Pt. 2) [sic]."

■ In support of this position, defendants rely strongly on *Towle v. Department of Transportation, State Hwy.*, 318 A.2d 71 (Me.1974) where the court held that a claimant, a street sweeping operator, who

suffered a postural strain over a period of time had not suffered a "personal injury by accident arising out of and in the course of his employment." We note, however, that the court also stated that if the stress of labor aggravates or accelerates the development of a preexisting infirmity causing an internal breakdown of that part of the structure, a personal injury by accident does occur. This rule in *Towle* is the rule in New Mexico and applicable to the facts in the instant case. We also note that the dissenting opinion in *Towle* relied on *Ortiz v. Ortiz & Torres Dri-Wall Company*, 83 N.M. 452, 493 P.2d 418 (Ct.App.1972).

■ The trial court in *Ortiz* denied plaintiff recovery because no accident had occurred. The court remarked: ". . . you have to trip or something, you can't just get a pain in the middle of an ordinary occupation and claim accident . . .." [83 N.M. at 453, 493 P.2d at 419.] However, on appeal this Court said:

"[A] pain in the middle of an ordinary occupation" can be an accident under *Lyon*, supra. [83 N.M. at 454, 493 P.2d at 420.]

This statement is incorrect. Under *Lyon*, "a *strain* in the middle of an ordinary occupation can *result* in an accident." A "pain" can be classified as an "injury."

In *Lyon*, supra, plaintiff suffered a back injury in February, 1965 while undertaking to load a cattle guard upon the bed of a truck. Following this accident, plaintiff suffered attacks of pain but he continued to perform his regular duties for 13 months until March 18, 1966. The last week that he worked his back hurt badly and the pain eventually became so intense that he could no longer work. The undisputed medical testimony was that the rupture of the disc was caused through operating a grader and that it occurred at the time intense pain was first felt by plaintiff. The court said:

. . . We hold that the facts are not in dispute and that they clearly support a finding that *an accidental injury occurred in March, 1966, resulting in a ruptured disc*, which injury arose out of employ-

ment; namely, operation of the grader required by the job.

\* \* \* \* \* \*

Based upon the reasoning of these cases we take it that *a malfunction of the body itself, such as a fracture of the disc . . . caused or accelerated by doing work required or expected in employment is an accidental injury* within the meaning and intent of the compensation act.

Larson in his treatise on the law of workmen's compensation says: ". . . Accordingly, if the *strain of claimant's usual exertions causes collapse from \* \* back weakness \* \* \* the injury is held accidental.*" [Emphasis added.] 81 N.M. at 125, 464 P.2d at 415.

We can find no indication in *Lyon* that " 'a pain in the middle of an ordinary occupation' can be an accident."

■ As we read *Lyon* today, a workman has suffered an accidental injury if he (1) experiences preexisting back pain from a previous accident incurred during his employment, (2) continues in his normal employment under pain, (3) and subsequently suffers a ruptured disc evidenced by a severe nerve root pain, (4) which ruptured disc is caused or accelerated while working.

■ In the instant case, the accident was the strain on plaintiff's back initiated by the fall on June 4, 1975; the injury was the severe pain that disabled her. If this strain caused or accelerated a "collapse" from back weakness, it was a malfunction of the body and plaintiff suffered an accidental injury; if it did not, it was not accidental. Whether the injury was accidental due to the strain over a three month period of time was an issue of fact decided in plaintiff's favor. Defendants failed to establish as a matter of law that plaintiff did not suffer an injury caused by accident.

### E. Defendants had actual knowledge of the accident.

As required by § 59–10–13.4, defendants claim that no written notice of injury was given the employer, and the employer had no actual knowledge of the injury. This statute provides in pertinent part:

A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer of the accident *and* of the injury within thirty [30] days after their occurrence;

. . .

B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the *accident occurred had actual knowledge of its occurrence.* [Emphasis added.]

■ On November 24, 1975, plaintiff gave her employer written notice of the accident she sustained and that during the week of June 4, 1975, she suffered an injury and/or illness. This written notice did not meet the statutory deadline and therefore was ineffective.

■ The requirement of the Compensation Act that the employer have knowledge of the accident, either by written notice or actual knowledge, is mandatory. It is not a mere formality. It is a "condition precedent" to recovery; an employee has no right of action if she fails to comply with the statute. This part of the Act protects the employer, giving him notice so that he may investigate the facts and circumstances and question witnesses. The requirement is also intended to prevent the filing of fictitious claims where lack of time makes proof of genuineness difficult. *Ogletree v. Jones*, 44 N.M. 567, 106 P.2d 302 (1940). *Ogletree* said:

This knowledge which the statute requires means "more than just putting upon inquiry and involves more than knowledge of the mere happening of an accident." [44 N.M. at 570–1, 106 P.2d at 305.]

■ Where actual knowledge of an accident is a prerequisite to recovery, the employer must know, without making any investigation or inquiry, that an accident happened. Mere knowledge of an employer that a claimant injured his back falls short of actual knowledge of an accident. *Simmons v. International Minerals & Chemical Corporation*, 77 N.M. 100, 419 P.2d 756

(1966). See, *Smith v. State*, 79 N.M. 25, 439 P.2d 242 (Ct.App.1968); *Gutierrez v. Wellborn Paint Manufacturing Company*, 79 N.M. 676, 448 P.2d 477 (Ct.App.1968). The employer would have to investigate or make inquiry of the facts and circumstances that surround the back injury to determine whether it resulted from a mishap or untoward event that occurred.

We must turn to the facts to determine whether the employer had actual knowledge of the strain on plaintiff's back that resulted in the accidental injury of September 2, 1975.

Adolph Gallegos testified that plaintiff worked for him for three years. He had full knowledge of her duties and her work. He knew that boxes of books were too heavy for her to lift; that she should not lift them, but she did. In June, plaintiff told him that she hurt her back; that it kept getting worse; that she experienced pressure because of the demands of inventory. He knew by the kind of work she had to do, that her back was aggravated. He went with her many times to pick up books and she complained of her back aches.

Gallegos testified that plaintiff told him several times around the end of June that her back hurt and that she would take a vacation early to have her back checked.

While plaintiff was on vacation, she called Gallegos and told him that she would return to work when school started in August to help train a new person; that she would not be able to continue with her work because her doctor said her back needed a rest. She returned in August and trained a person to replace her, and on September 2, 1975 she was forced to terminate her employment because the severe pain in her back made further work impossible.

Two days later, on September 4, 1975, plaintiff made her claim for workmen's compensation.

When she told Gallegos her back was extremely painful, he suggested that a workmen's compensation form be prepared. From information furnished him by plain-

tiff he prepared and signed Employer's First Report of Injury. In this report, Gallegos stated that the date of injury was *June 4, 1975*; that plaintiff returned to work June 5 and worked until July 28, 1975; that she was off work for four weeks and returned on August 25 and worked until September 2, 1975; *that her back was injured as a result of lifting heavy books and making trips up and down steep basement steps.* Gallegos concurred with the facts stated in this report.

In determining whether defendants had actual knowledge of the accident, we give no credence to Gallegos' testimony as to the meaning of an "accident," nor to plaintiff's statement that the "accident" occurred on June 4, 1975. It is obvious that the employer and claimant have no understanding of what may constitute an "accident" in a workmen's compensation claim. The average person believes that an accident occurs, by way of illustration, where a claimant suffers a cut finger or smashed thumb. Neither of the parties knew or understood the meaning of an "accident" as described in *Lyon,* supra. Our duty is to glean from the evidence presented, the "accident" that occurred and the date thereof.

▮ We do not fix the date of plaintiff's accident as June 4, 1975. We deem this event to be an incident that occurred in the course of plaintiff's employment which led to the eventual accident. The "accident" was the subsequent and continued strain on plaintiff's back that resulted in an accidental injury on September 2, 1975.

Both parties are mistaken as to the employer's actual knowledge of plaintiff's accident. Plaintiff argues adamantly that, prior to September 2, 1975, she told her employer she hurt her back. Defendant contends that Gallegos had actual knowledge only of the fact that plaintiff's back was hurting her. Either way this knowledge alone is insufficient to show actual knowledge of the "accident." The important fact of which defendants must have actual knowledge is: "What caused plaintiff's back to hurt?" *Simmons v. International Minerals & Chemical Corporation,* supra.

See also, *Higgins v. Board of Directors of N. M. State Hosp.,* 73 N.M. 502, 389 P.2d 616 (1964); *Bolton v. Murdock,* 62 N.M. 211, 307 P.2d 794 (1957); *Hammond v. Kersey,* 83 N.M. 430, 492 P.2d 1293 (Ct.App.1972); *Smith v. State,* supra; *Gutierrez v. Wellborn Paint Manufacturing Company,* supra.

*Rohrer v. Eidal International,* supra, says:

It is the totality of the facts and circumstances that determine whether the employer has "actual knowledge." [79 N.M. at 713, 449 P.2d at 83.]

▮ It is established law that where the employer, after having been informed of the accident and injury, makes out a report of the accident and injury, these facts manifest an acknowledgment of notice of the accident and injury. *Ortiz v. Ortiz & Torres Dri-Wall Company,* supra; *Geeslin v. Goodno, Inc.,* 77 N.M. 408, 423 P.2d 603 (1967); *Waymire v. Signal Oil Field Service, Inc.,* 77 N.M. 297, 422 P.2d 34 (1966).

▮ When we read the Employer's First Report of Injury, together with Gallegos' previous knowledge of plaintiff's work and the pressure brought to bear upon the aggravation of her back injury, we hold that defendants had actual knowledge of plaintiff's incident that occurred on June 4, 1975 that resulted in an accidental injury on September 2, 1975.

Plaintiff's third point has been answered by the discussion of the foregoing points.

Plaintiff seeks an additional award for attorney fees for services rendered in the trial court. We deny this request. Plaintiff did not request an attorney fee for services rendered on this appeal. None is awarded.

Plaintiff did not suffer total disability as of June 4, 1975. She suffered total disability as of September 2, 1975 and is entitled to disability benefits as of that date.

Affirmed. This cause is remanded to the district court to amend its judgment to read that plaintiff is totally disabled as of September 2, 1975.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., (dissenting).

HERNANDEZ, Judge (dissenting).

I respectfully dissent. It is my opinion that the employer had no actual knowledge of the accident and that no written notice of injury was given as required by § 59–10–13.4, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1). The plaintiff complained to her supervisor on several occasions of pain in her back and leg. Considering plaintiff's previous injuries to her back, such complaints could not be held to give the employer actual knowledge of the accident and injury which occurred in the summer of 1975. *Sanchez v. James H. Rhodes & Company,* 74 N.M. 112, 391 P.2d 336 (1964).