420 P.2d 771

Joe Anastacio ORTEGA, Plaintiff-Appellee,

v.

NEW MEXICO STATE HIGHWAY DEPARTMENT and Mountain States Mutual Casualty Co., Defendants-Appellants.

No. 7975.

Supreme Court of New Mexico.

Nov. 28, 1966.

Patricio Sanchez, James E. Thomson, Santa Fe, for appellee.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellants.

OPINION

MOISE, Justice.

Appellants seek reversal of a judgment awarding appellee 80% partial permanent disability growing out of an accidental injury suffered on November 19, 1963, while appellee was employed as a utility (manual) laborer by the appellant, New Mexico State Highway Department.

Appellee is a high school graduate and was 24 years of age at the time of trial. Prior to his employment by the highway department, appellee worked for a Coca Cola bottling firm, driving a delivery truck, loading and unloading cases of soft drinks, and as a laborer in the warehouse. While working for the bottling company appellee suffered a minor injury to his hip, side or back, but missed only a few days' work, and thereafter was able and did perform the same or heavier physical labor than before, without difficulty or pain. After working some eighteen months for the highway department, and while appellee was performing his duties, he suddenly felt a severe pain which caused him to fall to his knees. He was subsequently seen by a doctor who placed him in the hospital for a few days. Appellee did not return to work with the highway department, and was still under treatment by the doctor at the time of trial. For some months prior to trial he had been working as a school bus driver where his only duties were to sit in the driver's seat and handle the bus, with no bending or lifting. He had missed no time from this work. However, he stated that he even suffered pain doing this. His doctor testified that the bumping and bouncing incident to this work created an undesirable situation for a man with a condition which he diagnosed as spondylolisthesis, meaning a slipping or displacing of a vertebra.

Appellant's principal attack is on the finding of the trial court that appellee is eighty percent disabled "to obtain and retain employment for which he is equipped by age, training, education and ability, within the contemplation of the Workmen's Compensation Law of New Mexico."

The pertinent statute is § 59–10–12.1(B), N.M.S.A.1953 (1963 Supp.) (§ 1, ch. 269, N.M.S.L.1963, since repealed). It now appears as § 59–10–12.19, N.M.S.A.1953 (1965 Supp.), having been reenacted by § 19, ch. 295, N.M.S.L.1965. It reads:

"59–10–12.1. As used in the Workmen's Compensation Act:

A. * * *

B. 'partial disability' means a condition whereby a workman, by reason of injury arising out of and in the course of his employment, is unable to some percentage extent to perform the usual tasks in the work he was performing at the time of his injury and is unable to some percentage extent to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience."

It is appellant's position that the quoted language requires proof of a concurrence of reduction, stated in percentages, of ability to perform the work appellee was doing when injured and, likewise, any other work for which he was fitted, and that there was a failure by appellee to submit substantial evidence to support eighty percent disability under the statute.

We do not agree. Without considering if appellant's interpretation of the statute is correct, the record discloses testimony by appellee's physician that in his opinion appellee is one hundred percent disabled to do the kind of work he was doing when injured, or the type he was doing at the time of trial. The doctor did say that appellee could do work as a grocery checker or warehouse recordkeeper where no heavy lifting or strenuous movement is required but, even as to this, he was eighty percent disabled. What more is required? It would appear that the proof meets the test stated above as argued for by appellant.

We see nothing in Reynolds v. Ruidoso Racing Association, Inc., 69 N.M. 248, 365 P.2d 671, or in Ruiz v. Hedges, 69 N.M. 75, 364 P.2d 136, requiring a contrary result.

In Ruiz, no evidence of any kind was submitted that the employee either could not or should not do the work that he had done continuously, without difficulty except for slight pain, since the accident. We there held a finding of total permanent disability unsupported by substantial evidence.

In Reynolds, although the employee was working and performing his duties at the time of the accidental injury, his physician stated that even before the accident the condition of the employee was such that he should not have been performing such duties. We disagreed with the argument that since the employee was one hundred percent disabled before the accident, and his disability was not increased by it, there could be no compensable injury. Rather, we concluded that the condition existing prior to the accident was not such disability that would prevent a recovery of compensation when accidentally injured in performing the duties of his employment.

In our view, the situation here is not materially different, and Reynolds supplies support for appellee's position. Whether or not appellee was suffering from some defect or condition which arose prior to his employment by the highway department, he was doing his work and had been doing it for many months prior to the incident which incapacitated him. Also, a finding of disability is not foreclosed by the fact that appellee has been working driving a school bus, even though he should not be doing so because of injurious effects of such activity on him. Here, where the doctor has testified that appellee is "medically" one hundred percent disabled from driving a school bus and, further, that he

is eighty percent incapacitated from doing any other work for which he is qualified, we conclude that the evidence is substantial to support the finding which is under attack. Compare Smith v. Spence & Son Drilling Co., 61 N.M. 431, 301 P.2d 723; Hanks v. Walker, 60 N.M. 166, 288 P.2d 699. We think the following, which we quote from Snead v. Adams Construction Co., 72 N.M. 94, 380 P.2d 836, 837, is pertinent:

"* * * There is no presumption in our law that every workman is completely able-bodied when he enters his employment; the measure of disability under our statute is the relationship between the workman's ability to do work prior to the injury, and such ability following the injury."

Baca v. Swift & Company, 74 N.M. 211, 392 P.2d 407, and Waller v. Shell Oil Company, 60 N.M. 484, 292 P.2d 782, both relied on by appellant, in our view of this case do not lend support to their position. In neither case was medical evidence produced comparable to that here present, and in both the factual situations were far different from that testified to here.

Appellants, for their second point, complain that a $3,000.00 award to appellee for attorney fees amounted to an abuse of discretion and was not supported by sub-

stantial evidence. Without retreating from our oft-repeated statement that the amount of the award of attorney fees is discretionary with the trial court, and will not be disturbed except for abuse of discretion, Mascarenas v. Kennedy, 74 N.M. 665, 397 P.2d 312, having considered the issues in this case, the length of the transcript of the proceedings in the trial court, together with the amount of the award and results achieved on behalf of appellee, we are constrained to hold that there was an abuse here, and that the award was excessive to the extent of $1,000.00. Compare Reed v. Fish Engineering Corp., 76 N.M. 760, 418 P.2d 537, where we upheld a $2,600.00 award against an attack on the ground that it was excessive. The issues, work performed, as well as the results, all involved a great deal more than is disclosed by the record here. The same can be said of Shillinglaw v. Owen Shillinglaw Fuel Co., 70 N.M. 65, 370 P.2d 502.

An award of $1,000.00 is made to appellee for fees for his attorneys in connection with this appeal. Since this amount merely offsets the excess of the award in the trial court, the cause will be affirmed without any additional provision for attorney fees.

It is so ordered.

CARMODY, C. J., and WALDO SPIESS, J., Court of Appeals, concur.