422 P.2d 34

Leo WAYMIRE, Plaintiff-Appellee and Cross-Appellant,

v.

SIGNAL OIL FIELD SERVICE, INC., Employer and Argonaut Insurance Company, Insurer, Defendants-Appellants and Cross-Appellees.

No. 8046.

Supreme Court of New Mexico.

Dec. 27, 1966.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellants.

W. Byron Caton, Welzie W. Webb, Farmington, for appellee.

## OPINION

COMPTON, Justice.

Defendants appeal from a judgment awarding the claimant workmen's compensation benefits. The appellants contend (a) that claimant failed to give timely written notice of the accident and injury to the

employer, and (b) that the employer did not have actual knowledge of the accident as required by § 59–10–13.4, N.M.S.A.1953. For convenience we refer to the plaintiff as claimant. The pertinent finding challenged here reads:

"6. Signal Oil Field Service, Inc., received written notice of the accident and injury within 30 days after its occurrence, and also had actual knowledge of the accident and injury."

■ We summarize the claimant's evidence, which we think adequately supports the finding. Claimant was employed by the defendant Signal Oil Field Service, Inc. as a toolpusher in its drilling operations. On June 6, 1964, while so employed, he sustained an accidental injury to his back as a result of a fall while carrying "mud sacks." He reported the accident to the driller shortly after it happened, but the accident was not entered in the drilling log book because he did not think he was seriously injured. Claimant continued working until June 9, 1964, and was then discharged. He continued to suffer pains in his back and leg and entered the hospital on June 15, 1964. On the day he entered the hospital, claimant's wife called a Mr. Baker, superintendent for defendant Signal Oil Field Service and claimant's superior, and advised him that claimant was in the hospital. Mr. Baker went to the hospital and claimant verbally reported the occurrence of the accident and injury to him.

At that time claimant did not remember the exact day of the accident, but stated that it occurred on the last day "we mixed mud," which was June 6, 1964. He asked Mr. Baker to check the drilling log to find the correct date. The day after this conversation in the hospital, Mr. Baker completed a written report of the accident and sent the information obtained in the conversation to the defendant's office in Denver, Colorado. Claimant testified:

"Q. Did Mr. Baker tell you he would make out an accident report?

A. Yes, Mr. Baker said he would, and I asked him to—I wasn't able to do it.

Q. Did you know that a written report should be made?

A. Yes.

Q. Did Mr. Baker later tell you he had made out an accident report?

A. Yes, he did."

■■ Appellants contend that the conversation at the hospital was merely casual and insufficient to constitute actual knowledge under § 59–10–13.4, subd. B of the Workmen's Compensation Act, citing in support thereof, Scott v. General Equipment Company, 74 N.M. 73, 390 P.2d 660; Wilson v. Navajo Freight Lines, Inc., 73 N.M. 470, 389 P.2d 594; Daulton v. Laughlin Bros. Drilling Company, 73 N.M. 232, 387 P.2d 336, and others. The con-

versation was more than a casual conversation. What took place following the report by claimant removes any doubt in the matter. The conduct of Mr. Baker was enough to warrant a reasonable inference that he had actual knowledge of both the accident and the injury. Viewing the judgment in its most favorable light, as we are required to do, we conclude that the trial court was justified in resolving the inference in claimant's favor. Baca v. Swift & Company, 74 N.M. 211, 392 P.2d 407; Lozano v. Archer, 71 N.M. 175, 376 P.2d 963; Winter v. Roberson Construction Company, 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933. The cases cited by the appellants are distinguishable on the facts.

In Buffington v. Continental Casualty Company, 69 N.M. 365, 367 P.2d 539, after the claimant had verbally reported the accident, the employer assured claimant that he was "protected by insurance." Summary judgment for the employer was reversed, the court stating that the employer's assurances indicated that the employer might have had actual knowledge of the accident.

The situation here is similar to that present in Winter v. Roberson Construction Company, supra, and the rule there applied is controlling here. We there said:

"* * * The verbal communications between claimant and the employer's foreman, resulting in the issuance of the [medical] order, would lead to a strong inference that they amounted to more than the mere casual conversations which took place in the cases of Ogletree v. Jones, 44 N.M. 567, 106 P.2d 302 and Bolton v. Murdock, 62 N.M. 211, 307 P.2d 794, relied upon by appellants, and this inference must be considered in the light most favorable to appellee and resolved in his favor. Maryland Casualty Co. v. Jolly['s Welding Service] 67 N.M. 101, 353 P.2d 1013; Davis v. Hartley, supra. [69 N.M. 91, 364 P.2d 349]. * * *"

■■ Appellants advance the argument that the conversation here could not constitute actual knowledge because plaintiff could not tell Mr. Baker the exact day of the accident. The argument is without substance. Claimant did tell Mr. Baker that he thought the accident occurred on the 4th or 5th day of June, 1964, but that he knew it occurred the last day mud was mixed. A check of the drilling log reveals the correct date as June 6th. The primary purpose of requiring the employee to give 30 days' written notice is to enable the employer to investigate the facts while they are accessible and, if necessary, to employ doctors so as to speed recovery. See Lozano v. Archer, supra, and Copeland v. Black, 65 N.M. 214, 334 P.2d 1116. Langley v. Navajo Freight Lines, Inc., 70 N.M. 34, 369 P.2d 774. We believe the information given was adequate to satisfy the purposes of the notice and amply supported the trial court's finding of actual knowledge.

■ Written notice is not required where the employer, or his superintendent, or other agent has actual knowledge of the occurrence of the accident. Section 59–10–13.4, subd. B, supra. Having concluded that the trial court's finding of actual knowledge is supported by substantial evidence, we need not determine whether written notice was given.

■ Appellants next complain that the trial court failed to make a finding that claimant's disability was a natural and direct result of an accidental injury arising out of the employment, citing § 59–10–13.3, N.M.S.A.1953. We find no basis for this complaint. There is no uncertainty, doubt or ambiguity in the findings in this respect. The trial court found:

"1. The plaintiff, Leo Waymire, was employed by the defendant Signal Oil Field Service, Inc., on June 6, 1964.

"2. On that date plaintiff sustained an accidental injury to his back, arising out of and in the course of his employment and which was incidental to his employment for defendant Signal Oil Field Service, Inc.

"3. The plaintiff, as a result of this injury, suffered an entire loss of his earning capacity, beginning June 9, 1964, which loss continues through the present time."

■■ Claimant has filed a cross-appeal contending that the trial court abused its discretion in awarding attorney fees; the award was $1000.00. It is recognized that the fixing of attorney fees in compensation cases is a matter resting in the sound discretion of the trial court. Mascarenas v. Kennedy, 74 N.M. 665, 397 P.2d 312. But here, except for the jurisdictional questions raised, every allegation in the claimant's complaint was denied. The transcript and extended briefs show that considerable time and effort were expended in the lower court in litigating the issues. Various depositions were taken by the parties. The amounts of the medical bills involved and the maximum compensation benefits secured for the claimant are substantial. These considerations convince us that the award for attorney fees was too low for the services performed. The award, therefore, will be increased to $1500.00. Compare Reed v. Fish Engineering Corp., 76 N.M. 760, 418 P.2d 537; Ortega v. New Mexico State Highway Department, 77 N.M. 185, 420 P.2d 771, November 28, 1966; Dickerson v. Farmer's Electric Coop., Inc., 67 N.M. 23, 350 P.2d 1037. Also see Kendrick v. Gackle Drilling Company, 71 N.M. 113, 376 P.2d 176, where an additional fee was allowed on motion for rehearing.

■ The judgment, except as it relates to attorney fees, should be affirmed. An additional sum of $1000.00 will be allowed claimant for the services of his attorneys in representing him in this appeal.

It is so ordered.

NOBLE, J., and WALDO SPIESS, Judge, Court of Appeals, concur.