534 P.2d 1116

**Antonio GALLEGOS, Plaintiff-Appellee,**

v.

**DUKE CITY LUMBER CO., INC., Defendant-Appellant.**

**No. 1593.**

Court of Appeals of New Mexico.

April 16, 1975.

George M. Scarborough, Scarborough & Scarborough, Espanola, for appellee.

James A. Parker, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for appellant.

## OPINION

HENDLEY, Judge.

Defendant appeals a total permanent disability award in favor of plaintiff in a workmen's compensation action. Section 59–10–12.18, N.M.S.A.1953 (2d Repl.Vol. 9, 1974, pt. 1). Defendant alleges two points for reversal: (1) that there is no substantial evidence in the record to support the finding of total permanent disability and (2) that the award of attorneys' fees was excessive. We affirm.

### (1) Substantial Evidence

Defendant centers the main thrust of his attack on the trial court's finding of fact No. 6 which reads as follows:

"6. The disability sustained by Plaintiff from such injury is a natural and direct result of the accident herein complained of and is total and permanent. Such disability affects Plaintiff's back, central nervous system and his body as a whole and will require future medical, doctor and hospital, care, treatment and expenses."

Defendant's mode of argument is to separate this finding into three elements and then attack each element individually. Thus defendant contends that the trial court found: (a) that plaintiff's disability was total and permanent, (b) that plaintiff sustained injury to the central nervous system and (c) that plaintiff would need future medical treatment.

Three medical doctors testified in the cause. Defendant's two doctors denied that plaintiff sustained total permanent disability. The trial court's findings are in no way based on their testimony. Plaintiff's expert was Dr. Kosicki. He testified that, in his opinion, plaintiff was totally disabled from doing the work for which he was qualified. He did testify that plaintiff could perform certain light work, e. g. plaintiff could perform the duties of a night-watchman or could do bench work. Dr. Kosicki never said, in so many words, that plaintiff's central nervous system was injured. He likewise never said that plaintiff would require future hospital treatment. Defendant's plant manager testified that there were several openings for the position of night-watchman at plaintiff's previous employment location during the period of time in issue. It is on this basis that defendant urges that the trial court misconceived the seriousness of plaintiff's disability and erred in finding that it was total and permanent. It is almost needless to say, that the preceding assertions view the record in the light most favorable to the defendant.

Appellate review requires that we view the entire record in the light most favorable to support the trial court's findings. Adams v. Loffland Brothers Drilling Company, 82 N.M. 72, 475 P.2d 466 (Ct. App.1970). Not only do we view the evidence in this manner, but we must also consider any reasonable inferences that can be drawn therefrom to support the findings

and disregard any inferences to the contrary. Adams v. Loffland Brothers Drilling Company, supra.

### (a) Total Disability

Section 59–10–12.18, supra, provides that:

" . . . 'total disability' means a condition whereby a workman . . . is wholly unable to perform the usual tasks in the work he was performing at the time of his injury, and is wholly unable to perform any work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience."

Dr. Kosicki characterized plaintiff's condition as being a chronic lumbo-sacral strain, permanent in duration, and from which no improvement could be expected. He testified that plaintiff could do no bending, stooping, stretching, lifting of objects weighing over fifteen to twenty pounds, climbing, squatting, driving for long periods of time or over rough roads, or walking over rough areas. He also indicated that occasional "flare-ups" were to be expected with plaintiff's condition. There was evidence of several such "flare-ups" during the months following the accident. One occurred when plaintiff bent down to pick up a wrench from the ground and could not thereafter straighten up. Another occurred when plaintiff bent down to pick up a garden hose with the same consequences. Other "flare-ups" occurred when plaintiff was raking the lawn and getting up off the commode. One of these episodes resulted in hospitalization.

■ Plaintiff, by experience and training, had done heavy, physical labor. He had done farming and plumbing and had been a carrier operator at defendant's lumber company. He has a seventh grade education. Plaintiff was unable to return to his former employment because its usual tasks involved lifting or pulling of heavy objects. The proscriptions described by Dr. Kosicki would prevent plaintiff from gaining employment for which he is fitted by previous work experience and training.

Defendant makes much of plaintiff's supposed ability to be a night-watchman at Duke City. Yet defendant ignores certain evidence from which it can be reasonably inferred that plaintiff is wholly unfit for that occupation. Specifically, we refer to evidence that the job of night-watchman at Duke City would mainly involve riding in a pick-up truck over rough roads to the various check-in stations. More importantly, the plant manager testified that it would be possible, should plaintiff become disabled while working, that there would be no one at the plant to help him get back into town or call a doctor. From this testimony taken together with evidence that plaintiff's condition will flare-up from merely reaching to the ground for an object such as a key ring or getting up off the commode, it can be inferred that plaintiff is wholly unfit to be a night-watchman at Duke City Lumber Company.

The evidence supports the finding that plaintiff is "totally disabled" within the meaning of the Workmen's Compensation Act.

### (b) Nerve Injury

Defendant contends that there is no evidence to support a finding that plaintiff's central nervous system was injured. This contention either has no merit or no application to the instant case.

■ First, there was testimony that positive results were obtained during one examination for nerve irritation. Second, the trial court did not find that plaintiff suffered injury to his central nervous system. The trial court did find that plaintiff's disability *affected* his central nervous system. To affect is to produce a result on or to influence. There is evidence that plaintiff's injury causes him pain. The pain is felt via his nervous system. His disability thus affects his nervous system. There is substantial evidence for this finding.

### (c) Future Medical Treatment

Defendant contends that since no doctor specifically testified that plaintiff would need more than physical therapy and muscle relaxers in the future, then there is no evidence to support the finding that plaintiff would need doctor and hospital care. Again, defendant does not consider the inferences favorable to the trial court's finding. Since plaintiff's disability is permanent and since it has flared-up due to minor exertion in the past and since he had to be hospitalized for one such episode, it is reasonable to infer that plaintiff will suffer similarly in the future and will require doctor and hospital care as he has in the past.

In addition, defendant, throughout its brief, portrays plaintiff as a malingerer. Yet Dr. Kosicki stated in unequivocal terms that he found nothing to suggest that plaintiff was malingering. Defendant also cites Hales v. Van Cleave, 78 N.M. 181, 429 P.2d 379 (Ct.App.1967), where the plaintiff was awarded benefits on the basis of a twenty-five percent disability, and asks us to compare the facts therein with the facts of the instant case. Defendant's request demonstrates that it misconceives the nature of appellate review. It is not the function of an appellate court to substitute its judgment for that of the trier of fact. Our sole duty is to determine if the findings of fact are supported by substantial evidence. Hales v. Van Cleave, supra. Having concluded that finding of fact No. 6 is so supported, we need go no further.

### (2) Attorneys' Fees

Defendant's point is that the award of $4,250.00 in attorneys' fees is excessive because it was based on a percentage of plaintiff's total recovery, viz. 15%, and because the trial was brief involving only simple issues.

Section 59–10–23, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974), permits the trial court to set attorneys' fees which are reasonable and proper. The award of attorneys' fees is discretionary and will not be disturbed in the absence of an abuse of discretion. Adams v. Loffland Brothers Drilling Company, supra; Ortega v. New Mexico State Highway Department, 77 N.M. 185, 420 P.2d 771 (1966).

The trial court found that $4,250.00 was reasonable and proper. Although the trial may have been short and the issues not complex, disability was thoroughly contested. In addition, we do not overlook the very substantial results gained for the claimant. Maes v. John C. Cornell, Inc., 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974). While we may not have awarded attorneys' fees in the same amount as the trial court, we cannot say as a matter of law, that the amount awarded was an abuse of discretion.

The judgment is affirmed with an additional award to plantiff of $1,500.00 for the services of his attorney on this appeal. Section 59–10–23(D), supra.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.