595 P.2d 774

**Helen D. LAMONT, Plaintiff-Appellee and Cross-Appellant,**

v.

**NEW MEXICO MILITARY INSTITUTE, Employer, and Fireman's Fund Insurance Company, Insurer, Defendants-Appellants and Cross-Appellees.**

**No. 3596.**

Court of Appeals of New Mexico.

April 3, 1979.

Writ of Certiorari Denied May 1, 1979.

John S. Catron, Catron, Catron & Sawtell, Santa Fe, for defendants-appellants and cross-appellees.

John Wentworth and Steven L. Tucker, Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, for plaintiff-appellee and cross-appellant.

## OPINION

LOPEZ, Judge.

Defendants appeal a judgment in a workmen's compensation case awarding benefits and attorney fees to plaintiff. Plaintiff cross appeals the trial court's denial of her request for a lump sum award. We affirm.

The issues for decision on appeal are (1) whether the rate of compensation in effect on the date of disability applies or whether the rate in effect on the date of the original accident applies; (2) whether the amount of attorney fees awarded was excessive; and (3) whether the trial court's finding that it was not in the interest of the rehabilitation of plaintiff to receive a lump sum award was erroneous.

*Facts*

On August 22, 1975, plaintiff slipped and fell while employed as a member of the faculty of the New Mexico Military Institute. As a result of this fall, plaintiff sustained a fractured ankle and back injuries. Plaintiff ceased working from August 22,

1975, to September 11, 1975. On this latter date, plaintiff returned to work and continued teaching until January 21, 1977. After this date, plaintiff ceased working entirely. The evidence at trial indicated that plaintiff's physical injuries precipitated a severe traumatic neurosis. The court found that this neurosis was the natural and direct result of the August 22 accident and rendered plaintiff totally disabled within the meaning of § 52–1–24, N.M.S.A. 1978 [formerly § 59–10–12.18, N.M.S.A. 1953 (2d Repl Vol. 9, pt. 1, 1974)]. This finding is not challenged on appeal.

### Rate of Compensation

█ Defendants argue that the trial court erred in finding that plaintiff is entitled to compensation at the rate of $124.97 per week. Defendants claim that the correct rate is $90.00 per week. Defendants base this argument on the contention that the controlling date for purposes of determining the rate of compensation is August 22, 1975, the date plaintiff sustained the accidental injury which caused her to be totally disabled. Since the maximum rate in effect on August 22, 1975, was $90.00 per week, defendants submit that plaintiff is entitled to no more than this amount. In response, plaintiff argues that the applicable rate of compensation is that rate in effect on the date of disability. The court found the date of disability to have occurred on January 21, 1977. Since the rate in effect on this date was $124.97, plaintiff claims that the trial court was correct in awarding her this amount. We agree.

█ In stating our agreement with plaintiff's position, we reaffirm the policy underlying compensation awards, i. e. "compensation is awarded not for the injury as such but rather for an impairment of earnings capacity caused by the injury." 2 A. Larson, Workmen's Compensation Law, § 57.31 at 10–68 (1978). Our Supreme Court recognized this policy in *Kendrick v. Gackle Drilling Company*, 71 N.M. 113, 376 P.2d 176 (1962):

In construing the statute, we must first consider the purpose of determining the average weekly wage. The Legislature has said that "disability" of an injured workman is to be measured by his loss of wage earning ability caused by the accidental injury.

*Id.* at 117, 376 P.2d at 179. Because an employee's earning capacity is impaired only when he is disabled, it follows that awards are made for this disability. As Larson states in his treatise on workmen's compensation law:

It has been stressed repeatedly that the distinctive feature of the compensation system, by contrast with tort liability, is that *its awards* (apart from medical benefits) *are made* not for physical injury as such, but *for "disability"* produced by such injury. (Emphasis added.)

2 A. Larson, Workmen's Compensation Law, § 57.10 at 10–2 (1978).

We acknowledged this principle in *Moorhead v. Gray Ranch Company*, 90 N.M. 220, 561 P.2d 493 (Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977). In that case, the defendants argued, like defendants in the case at hand, that the rate of compensation should be determined by the rate in effect at the time of the accident and not by that rate in effect at the time of disability. We disagreed with this argument and held that "the rate of compensation should be based upon the applicable law on the date of disability." *Id.* at 224, 561 P.2d at 497. Accordingly, based upon *Moorhead*, we hold that in the present situation the rate of compensation in effect on the date of disability applies. In addition, after reading the record, we conclude that the court's finding that the disability occurred on January 21, 1977, is supported by substantial evidence. Therefore, we also hold that the trial court did not err in finding that plaintiff is entitled to compensation at the rate of $124.97 per week.

In so holding, we note that defendants attempt to reconcile *Moorhead* and *De La Torre v. Kennecott Corporation*, 89 N.M. 683, 556 P.2d 839 (Ct.App.1976), with their position by arguing that in these cases a second accident occurred. Defendants contend that these subsequent accidents

account for the rate of compensation applied. Assuming without deciding that defendants' argument is correct, the fact that a second accident may have occurred does not mean that these cases stand for or give support to the proposition that the rate of compensation in effect on the date of the accident applies. Indeed, this proposition was specifically rejected in *Moorhead.* We conclude that the holding in *Moorhead* is consistent with and promotes the policy underlying compensation awards discussed above and, therefore, we reaffirm its holding in the present case. Furthermore, in view of the express holding of *Moorhead,* those cases and statutory sections cited by defendants with respect to this issue are not applicable.

*Attorney Fees*

■ Defendants argue that the trial court's award of attorney fees in the amount of $6000.00 was excessive. Section 52–1–54D, N.M.S.A. 1978 [formerly § 59–10–23D, N.M.S.A. 1953 (2d Repl. Vol. 9, 1974)] governs the award of such fees and reads in part as follows:

[T]he trial court in determining and fixing a reasonable fee must take into consideration:

(1) the sum, if any offered by the employer:

(a) before the workman's attorney was employed; and

(b) after the attorney's employment but before court proceedings were commenced; and

(c) in writing thirty days or more prior to the trial by the court of the cause; and

(2) The present value of the award made in the workman's favor  .  .  .  .

In determining the propriety of an award of attorney fees, it should be remembered that such an award is discretionary and will not be disturbed in the absence of an abuse of discretion. *Gallegos v. Duke City Lumber Co., Inc.,* 87 N.M. 404, 534 P.2d 1116 (Ct.App.1975); *Adams v. Loffland Brothers Drilling Company,* 82 N.M. 72, 475 P.2d 466 (Ct.App.1970).

■ To support their argument, defendants contend that (1) the court, in the exercise of sound discretion, should have considered their offer of settlement despite the fact that this offer was not made thirty days prior to trial, (2) the court should have considered that the amount recovered by plaintiff, computed at the rate of $90.00 per week, exceeds the settlement offer by only $553.62, and (3) consideration should have been given to the amount of work performed by plaintiff's attorneys and the novelty and difficulty of the issues involved.

With respect to defendants' first contention, we note that the facts surrounding the offer of settlement are subject to differing interpretations. Defendants cite facts justifying the lateness of their offer; plaintiff states facts negating this justification. Because of this situation and the fact that the court was not bound by the provisions of § 52–1–54D to consider defendants' offer, we conclude that defendants' first contention is no basis for finding an abuse of discretion. In addition, we conclude that defendants' second contention does not justify such a finding. We have already determined the correct rate of compensation to be $124.97 per week. Therefore, defendants' computation is incorrect and should not have been considered. Finally, we conclude that defendants' third contention provides no grounds for finding an abuse of discretion. In so concluding, we note that § 52–1–54D does not include, among those considerations for determining a reasonable fee, the amount of work expended by a claimant's attorney or the novelty and difficulty of the issues involved. In addition, we have indicated in prior decisions that the amount of work performed is not determinative. *Gallegos v. Duke City Lumber Co., Inc., supra* ; *Maes v. John C. Cornell, Inc.,* 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974). However, although this consideration is not determinative, we have also indicated in other decisions that the failure to consider the work performed is an abuse of discretion. *See Herndon v. Albuquerque Public Schools and Commercial Standard Insurance Company,* 92 N.M. 287, 587 P.2d 434 (1978); *Ortega v. New Mexico State High-*

*way Department*, 77 N.M. 185, 420 P.2d 771 (1966); *Gearhart v. Eidson Metal Products*, 92 N.M. 763, 595 P.2d 401, No. 3603 (Ct.App., 1979), *cert. denied*, Mar. 14, 1979. From the record, it is difficult to determine what was considered by the trial court in awarding attorney fees. However, the record does indicate that the rate of compensation and the propriety of a lump sum award were fully contested. Plaintiff's attorneys drafted two complaints, attended one deposition, prepared and conducted a full trial on the above issues and prepared proposed findings of fact and conclusions of law. Therefore, we hold that the trial court did not abuse its discretion and that the award of attorney fees in the amount of $6000.00 was not excessive.

### Lump Sum Award

The trial court found that it was not in the interest of the rehabilitation of plaintiff to receive a lump sum award. Plaintiff asserts in her cross appeal that this finding is not supported by substantial evidence and is, therefore, erroneous. Plaintiff claims that the undisputed and uncontroverted evidence indicates that the best opportunity for her rehabilitation is to receive a lump sum award rather than periodic installments. Based on this evidence, plaintiff contends that the exceptional circumstances justifying a lump sum award exist in the case at hand and that, in this situation, a trial court should not hesitate to make such an award. Defendants argue that the evidence is not conclusive with respect to the therapeutic value of plaintiff receiving a lump sum award, that the court's finding is supported by substantial evidence and that no abuse of discretion exists. We agree.

Section 52–1–30B, N.M.S.A. 1978 [formerly § 59–10–13.5B, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1, Supp. 1975)] governs the payment of lump sum awards and reads:

> If, upon petition of any party in interest, the court, after hearing, determines in cases of total permanent disability that *it is in the interest of the rehabilitation of the injured workman* or in case of death that it is for the best interests of the

persons entitled to compensation, and after due notice to all parties in interest of a hearing, the liability of the employer for compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at five percent discount, compounded annually. (Emphasis added.)

Section 52–1–30B was amended in 1975. Prior to this time, the statute provided that the "best interests of the parties entitled to compensation" was the determinative factor. Those New Mexico cases discussing the propriety of lump sum awards deal with the statute prior to the 1975 amendments. *See Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 549 P.2d 628 (Ct.App.1976); *Arther v. Western Company of North America*, 88 N.M. 157, 538 P.2d 799 (Ct.App.1975) *cert. denied*, 88 N.M. 318, 540 P.2d 248 (1975); *Briscoe v. Hydro Conduit Corporation*, 88 N.M. 568, 544 P.2d 283 (Ct. App.1975); *Sanchez v. Kerr McGee Company, Inc.*, 83 N.M. 766, 497 P.2d 977 (Ct.App.1972); and *Livingston v. Loffland Brothers Co.*, 86 N.M. 375, 524 P.2d 991 (Ct.App.1974), *cert. denied*, 86 N.M. 372, 524 P.2d 988 (1974). Therefore, the present case is our first opportunity to construe the statute in its amended form. Although this case is a matter of first impression, we conclude that the principles governing the payment of lump sum awards under the old statute are still relevant to payment under the amended statute.

Major consideration should be given to the following principle stated in 3 A. Larson, Workmen's Compensation Law, § 82.71 (1976):

> Since compensation is a segment of a total income-insurance system, it ordinarily does its share of the job only if it can be depended on to supply periodic income benefits replacing a portion of lost earnings. If a partially or totally disabled worker gives up these reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum

is soon dissipated and the workman is right back where he would have been if workmen's compensation had never existed. One reason for the persistence of this problem is that practically everyone associated with the system has an incentive—at least a highly visible short-term incentive—to resort to lump-summing. . .

The only solution lies in conscientious administration, *with unrelenting insistence that lump-summing be restricted to those exceptional cases* in which it can be demonstrated that the purpose of the Act will best be served by a lump-sum award. (Emphasis added.)

We recognized this principle in *Arther v. Western Company of North America, supra,* and stated: ". . . periodic compensation payments are the rule, and lump-sum awards are the exception." *Id.* 88 N.M. at 159, 538 P.2d at 801. Because lump-summing is a departure it "should only be permitted when it appears that exceptional circumstances warrant the departure." *Codling v. Aztec Well Servicing Co., supra* at 215, 549 P.2d at 630. The establishment of such circumstances depends on the merits of each case. *See Codling v. Aztec Well Servicing Co., supra,* for a collection of cases granting and denying lump sum awards.

█ Applying the foregoing principles and the express mandate of § 52–1–30B to the case at hand, we hold that the court's finding that it was not in the interest of the rehabilitation of plaintiff to receive a lump sum award is supported by substantial evidence and is, therefore, not erroneous. The record indicates that the testimony with respect to the therapeutic value of plaintiff receiving a lump sum award is not conclusive. In stating that this testimony is not conclusive, we do not mean to hold that rehabilitation must be established to an absolute certainty in order to justify a lump sum award. However, in the present case, the nature of this testimony coupled with (1) plaintiff's mental condition, (2) the possibility that her motive for wanting the award i. e. to buy a house, might leave her without sufficient funds for everyday living costs and (3) the possible managerial problems lead us to the conclusion that a substantial basis underlies the court's failure to award plaintiff a lump sum payment. Therefore, we hold that the court did not abuse its discretion in making its finding.

Based upon the foregoing, we affirm the trial court's judgment. In addition, plaintiff is awarded $2000.00 attorney fees for this appeal.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.