601 P.2d 718

**Danny L. FRYAR, d/b/a Fryar Logging, Petitioner,**

v.

**Fred JOHNSEN, Respondent.**

No. 12288.

Supreme Court of New Mexico.

Oct. 25, 1979.

Gallagher, Casados & Martin, David R. Gallagher, J. E. Casados, Albuquerque, for petitioner.

Branch, Coleman & Perkal, Albuquerque, for respondent.

## OPINION

EASLEY, Justice.

The trial court awarded workmen's compensation to Fred Johnsen, plus $11,435.75 for attorney fees. The Court of Appeals affirmed and awarded an additional $3,000 as attorney fees, for a total of $14,435.75 for Johnsen's attorneys. We affirm in part and reverse in part.

The employer, Fryar, raises two questions: first, whether the testimony of Johnsen's expert medical witness lacks foundation because the causal connection between the accident and Johnsen's disability was not established. Second, whether the trial

court and the Court of Appeals, respectively, abused their discretion by awarding excessive attorney fees.

*Causal Connection*

Johnsen claimed compensation for a back injury which occurred on January 14, 1977. He received a medical release and went back to work. He received a second injury on May 17 or 18, 1977.

Johnsen's expert witness testified that there was a medical probability that his disability was caused by his first injury of January 14, 1977. There was no opposing medical testimony. Fryar relies on the case of *Niederstadt v. Ancho Rico Consolidated Mines*, 88 N.M. 48, 536 P.2d 1104 (Ct.App. 1975). The Court of Appeals found that case to be distinguishable. We agree.

In *Niederstadt*, the suit was for a second accident; medical evidence indicated that the plaintiff's injury preexisted this second accident. In the present case, the suit is on the first accident. Johnsen offered medical testimony at the trial that the accident of January 14, 1977 was causally related to his disability. There was no medical testimony offered that Johnsen's condition preexisted the *accident sued on*, as in *Niederstadt*. There is some indication in the record that Johnsen's accident in May merely aggravated the condition which resulted from the January accident.

Apparently, the medical expert in this case was not aware of Johnsen's later injury. Since there was no contradicting medical testimony and no evidence of a preexisting injury, the Court of Appeals correctly distinguished *Neiderstadt* and held that the expert testimony was sufficient to support a finding of causal connection.

*Attorney Fees*

There are two highly important and conflicting public policies which should be considered when a review court examines the appropriateness of an award of attorney fees.

If attorneys are denied fees for work prosecuted on behalf of an injured workman, there would be a *chilling effect upon the ability of an injured party to obtain adequate representation.* Through their insurance companies, employers regularly obtain exceptional and well-qualified counsel to defend them in such cases. It is imperative that courts foster and protect the ability of an injured workman to obtain counsel of his choice. We must avoid a policy or a practice which would discourage representation or the taking of appeals where counsel feels that an injured workman has been aggrieved at the trial court level. We must also preserve the right of an injured workman to have representation where the employer has appealed. (Emphasis added.)

*Herndon v. Albuquerque Public Schools*, 92 N.M. 287, 288, 587 P.2d 434, 435 (1978). When a successful claimant is not awarded attorney fees or when the fees awarded are too low, the above policy tends to be frustrated.

On the other hand, it is obvious that the total of all attorney fees paid in workmen's compensation cases are ultimately reflected in higher insurance premiums and later in the cost of goods and services to the general public. Excessive fees that are not justified by reference to services rendered the workman constitute a burden on the system, on other citizens and are against public policy. We must juxtapose the policy demanding preservation of the workman's right to adequate representation with the rights of other citizens to avoid unreasonable increases in the prices they pay for goods and services because of excessive fees paid to lawyers.

Section 52–1–54(D), N.M.S.A.1978 requires that the trial court take into consideration the amount of any offer by the employer both before the workman's attorney was employed and after the attorney was employed but before court proceedings were commenced, as well as any offer in writing made thirty days or more prior to the trial. The statute also requires that the court consider the present value of the award made.

In addition to the requirements in the statute, our courts have considered the following factors:

1. the relative success of the workman in the court proceedings: *Ortega v. New Mexico State Highway Department*, 77 N.M. 185, 420 P.2d 771 (1966); *Waymire v. Signal Oil Field Service, Inc.*, 77 N.M. 297, 422 P.2d 34 (1966); *Reed v. Fish Engineering Corp.*, 76 N.M. 760, 418 P.2d 537 (1966); *Gearhart v. Eidson Metal Products*, 92 N.M. 763, 595 P.2d 401 (Ct.App.1979); *Gallegos v. Duke City Lumber Co., Inc.*, 87 N.M. 404, 534 P.2d 1116 (Ct.App.1975); *Salazar v. Kaiser Steel Corp.*, 85 N.M. 254, 511 P.2d 580 (Ct.App.1973); *Brannon v. Well Units, Inc.*, 82 N.M. 253, 479 P.2d 533 (Ct.App. 1970);

2. the extent to which the issues were contested: *Waymire, supra; Reed, supra; Gearhart, supra; Gallegos, supra; Adams v. Loffland Bros. Drilling Co.*, 82 N.M. 72, 475 P.2d 466 (Ct.App.1970);

3. the complexity of the issues: *Ortega, supra; Lamont v. New Mexico Military Institute*, 92 N.M. 804, 595 P.2d 774 (Ct.App. 1979); *Marez v. Kerr-McGee*, 93 N.M. 9, 595 P.2d 1204 (Ct.App.1978);

4. the ability, standing, skill and experience of the attorney: *Elsea v. Broome Furniture Co.*, 47 N.M. 356, 143 P.2d 572 (1943);

5. the rise in the cost of living: *Shillinglaw v. Owen Shillinglaw Fuel Company*, 70 N.M. 65, 370 P.2d 502 (1962); and

6. the time and effort expended by the attorney in the particular case: *Turrieta v. Creamland Quality Chekd Dairies, Inc.*, 77 N.M. 192, 420 P.2d 776 (1966); *Ortega, supra; Waymire, supra; Reed, supra; Lamont, supra; Gearhart, supra; Marez, supra; Martinez v. Fluor Utah, Inc.*, 90 N.M. 782, 568 P.2d 618 (Ct.App.1977); *Gallegos, supra; Trujillo v. Tanuz*, 85 N.M. 35, 508 P.2d 1332 (Ct.App.1973); *Brannon, supra; Adams, supra*. However, the Court of Appeals has also held that the time spent and the effort expended by the attorney, while relevant, is not always dispositive of the amount of attorney fees to be awarded. *Lamont, supra; Marez, supra; Gallegos, su-*

*pra*; and *see Maes v. John C. Cornell, Inc.*, 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974). We agree.

Rule 2–106 of the Code of Professional Responsibility, although not specifically on point, gives some guidance as to the factors to be considered by a lawyer in determining the reasonableness of a fee. These include:

(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;

.        .        .        .        .

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

.        .        .        .        .

(7) the experience, reputation and ability of the lawyer or lawyers performing the services;

.        .        .        .        .

These guidelines are applicable here.

The present case involves a single cause of action stated on one page of the complaint; an answer that denied disability, causation, notice, and the fact of the accident; two sets of requests for admissions; an answer to one set of requests for admissions; a motion to deem the other set admitted; no depositions; no interrogatories; and no requested findings and conclusions. The trial took less than a full day. It involved the testimony of eight witnesses, only one of which was an expert witness, who testified for the employee. The transcript of proceedings is only 200 pages. At the time of trial the value of the award was $53,306.86, exclusive of medical and other incidental expenses. This evidence in the record does not support an award of $11,000 for attorney fees. There was a notice of hearing on a motion for attorney fees. There is no record of the hearing. Neither party requested findings of fact and conclusions of law on the propriety of the award of attorney fees. There is not even a faint hint as to the motivation of the judge in granting such an amount for attorney fees.

Our trial court needs more definitive guidelines to determine the amount to award for attorney fees in workmen's compensation cases. We hold therefore that, in addition to the statutory requirements, the following factors are subject to consideration: the chilling effect of miserly fees upon the ability of an injured workman to obtain adequate representation; the time and effort expended by the attorney; the extent to which the issues were contested; the novelty and complexity of the issues involved; the fees normally charged in the locality for similar legal services; the ability, experience, skill and reputation of the attorney; the relative success of the workman in the court proceeding; the amount involved; and the rate of inflation. Further, we reiterate the need for evidentiary support for fees awarded by a trial court. *Trujillo, supra.*

N.M.R.Civ.P. 52(B)(a), N.M.S.A.1978 states:

(6) A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions.

(7) . . . where *the ends of justice require* the cause may be remanded to the district court for the making and filing of proper findings of fact and conclusions of law. (Emphasis added.)

We have "repeatedly held that a party who does not request findings of fact and conclusions of law cannot on appeal obtain a review of the evidence." (Citations omitted.) *McNabb v. Warren*, 83 N.M. 247, 248, 490 P.2d 964, 965 (1971).

However, because of the inadequacy of the record, which prevents us from determining whether the decision comports with the law, the importance of the public policy involved and the size of the award, we are convinced that "the ends of justice" require that we review the propriety of the award of attorney fees. We cannot properly perform our reviewing function without findings and conclusions. Therefore, we remand this case to the trial court for consideration of the factors outlined above and

for making findings of fact and conclusions of law on the issue of attorney fees awarded at trial.

As to the issue of attorney fees awarded by the Court of Appeals, we reiterate that such an award will not be disturbed in the absence of an abuse of discretion. However, we hold that there has been an abuse of discretion in the award of $3,000 for the appeal in this case.

We recently reduced an award made on appeal from $4,500 to $1,500. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978). A review of recent awards made on appeal indicate that attorney fees of between $1,500 and $2,000 is the norm. *Lamont, supra* ($2,000); *Gearhart, supra* ($1,500); *Marez, supra* ($2,000); *Moorhead v. Gray Ranch Co.*, 90 N.M. 220, 561 P.2d 493 (Ct.App.1977) ($1,750).

On appeal, Johnsen filed a motion to dismiss appeal, a four-page memorandum brief in support of this motion, and a fifteen-page answer brief, in which only fourteen cases were cited. Johnsen has prevailed on the issues involving causal connection and medical costs (not raised here). However, in light of the minimum amount of work obviously performed in appealing this case, we are constrained to hold that the fee was excessive to the extent of $1,500.

The Court of Appeals' decision is affirmed with respect to the issue of causal connection; its award of attorney fees is reduced to $1,500. The case is remanded to the district court for proceedings on the issue of attorney fees awarded at trial.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, FEDERICI and FELTER, JJ., concur.