640 P.2d 522

**Robert E. JENNINGS, Plaintiff-Appellee,**

v.

**Steven J. GABALDON Construction and State Farm Fire and Casualty Company, Defendants-Appellants.**

No. 5258.

Court of Appeals of New Mexico.

Jan. 21, 1982.

418

Benjamin S. Eastburn, Hynes, Eastburn, ᵀᵒ & Palmer, Farmington, for defend-  ᵗ ·appellants.

John A. Dean, Jr., Gallagher, Curtis & Dean, Farmington, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Plaintiff brought suit for workmen's compensation benefits for an injury to his right hand sustained while working as a carpenter in San Juan County, New Mexico, for defendant, Steven J. Gabaldon Construction Company. After trial to the court, the trial judge made his findings of fact and conclusions of law, entered judgment in favor of plaintiff, and awarded plaintiff attorney's fees in the amount of $7,500.00.

The single issue raised by defendants is the propriety of the amount of attorney's fees awarded.

Prior to trial on November 12, 1980, defendant employer and its insurance carrier entered into a written stipulation. They agreed that (1) plaintiff suffered an accidental injury to the middle finger of his right hand on October 11, 1979; (2) plaintiff was paid temporary total disability benefits for thirty-two weeks from the date of injury through May 22, 1980; (3) plaintiff's maximum weekly benefits are $146.67; (4) proper notice was given of plaintiff's injury and suit was timely filed; (5) prior to filing suit, a written offer of settlement was made by defendants for an amount of $3,226.74, which was rejected by plaintiff; and (6) more than thirty days prior to trial, a written offer of settlement was made by defendants in the sum of $4,522.15, but rejected by plaintiff.

The issues presented for determination at trial were limited to whether plaintiff was entitled to benefits for total disability or entitled to benefits for the rated impairment to a scheduled body member, and the amount of attorneys fees to be awarded under the Workmen's Compensation Act, § 52–1–1 to –59, N.M.S.A.1978.

The court determined that plaintiff was permanently, totally disabled from the date of injury, would continue to be so disabled in the future and was not restricted in his recovery to the schedule of injuries. The court further found that plaintiff was entitled to compensation benefits of $146.67 per week from October 11, 1979 not to exceed 600 weeks, and that all medical benefits to which plaintiff was entitled had been paid to date.

The trial court made the following finding of fact relating to the award of attorney's fees:

9. Considering the relative success of Plaintiff's attorney in the Court proceedings, the extent to which the issues were contested, the complexity of the issues, the ability, standing, skill and experience of Plaintiff's attorney, the rise in the cost of living and the time and effort expended by the attorneys in this case, a fee in the amount of $7,500.00 for the Plaintiff's attorney is reasonable.

Defendants contend that the fee awarded was excessive and should be reduced because the record demonstrates that the court failed to make appropriate findings specifying the method of computing such award and that the fee was predicated on a contingent fee standard.

Subsequent to trial on the merits, the court conducted a separate evidentiary hearing on the award of attorneys fees.

Plaintiff's counsel testified concerning the work and effort expended by him in preparing and presenting plaintiff's case at trial. As reflected by the record, the com-

plaint consisted of one and one-half pages and alleged a single cause of action. Defendants admitted that the accident occurred during the course and scope of plaintiff's employment. Defendants' answer denied that plaintiff's injury resulted in any disability. Formal pretrial discovery was limited to one deposition taken by defendants. Prior to trial the parties entered into the written stipulation dated November 12, 1980, and which limited the issues to be tried. The trial on the merits was less than one day and involved the calling of five witnesses, three of whom were called by defendants.

At the hearing on attorney's fees, plaintiff's counsel testified:

[Plaintiff's] weekly benefits approximately are $146, in a round number, a week for 600 weeks. My calculations of this show to be $87,600 for a period of 600 weeks. Discounting this to a present value, using a 5 percent discount factor, would show that award to have a present value of $67,011.93.

Under the stipulation, claimant had been paid for thirty-two weeks at $146.76 per week for workmen's compensation prior to the filing of the complaint. In *Fitch v. Sam Tanksley Trucking Co.*, 95 N.M. 477, 623 P.2d 991 (Ct.App.), *cert. quashed*, 95 N.M. 593, 624 P.2d 535 (1980), the court held it improper in establishing the present value of an award for workmen's compensation, to include "amounts over a figure due or to become due within six months beyond the date the award is granted, in the absence of evidence directed to the benefits continuing beyond the six month period."

Disputes over the propriety of the amount of attorney's fee awards in workmen's compensation cases have resulted in a spate of appellate decisions delineating guidelines that must be considered in calculating such fees. *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979), (*Fryar-I*); *Johnsen v. Fryar*, 96 N.M. 323, 630 P.2d 275 (Ct.App. 1980), *cert. quashed*, N.M., 632 P.2d 1181 (1981), (*Fryar-II*); *Fitch v. Sam Tanksley Trucking Company, Inc., supra*; *Clymo v. United Nuclear Corp.*, 94 N.M. 214, 608 P.2d 526 (Ct.App.1980); *See, e.g., Trujillo v. Tanuz*, 85 N.M. 35, 508 P.2d 1332 (Ct.App. 1973). *Fryar-I* has added to the criteria set out in § 52–1–54 of the Workmen's Compensation Act, which the trial courts must follow in determining the proper attorney's fees to be awarded to a plaintiff who has prevailed on the merits.

Not only do such cases mandate that an evidentiary basis support an award of attorney's fees but as stated in *Fitch v. Sam Tanksley Trucking Co., supra*, the trial court must also consider and correlate each of eleven factors in *Fryar-I* in arriving at its award.

These factors, briefly summarized are:

(1) written offers of settlement, if any, made by the employer more than thirty days prior to trial;

(2) the present value of the award, without consideration of amounts due or to become due within six months beyond the date the award is granted, in the absence of evidence directed to the benefits continuing beyond the six month period or being diminished or terminated as provided in § 52–1–56 A;

(3) the chilling effect of miserly fees upon a workman's ability to obtain representation;

(4) time and effort expended by the attorney;

(5) extent to which the issues were contested;

(6) the novelty and complexity of the case;

(7) the fees normally charged for similar services;

(8) ability, experience, skill and reputation of the attorney;

(9) the relative success of the workman in the court proceeding;

(10) the amount of the fees involved;

(11) the rate of inflation or rise in the cost of living.

Review of the court's finding of fact no. 9 indicates reference to only six of the eleven factors enunciated in *Fryar-I, supra*, and

*Fitch.* Additionally, the court's finding no. 14 refers to settlement offers received, and finding no. 19 relates to the complexity and number of issues involved in the trial.

■ No finding was made to the amount of fees normally charged in the locality for similar services. Such a finding is required under *Fryar II, supra* and directly relates to calculation of a proper award of attorney's fees. In calculating proper attorney's fees, the trial court may not base the award on a flat percentage of the total net award. *Fryar II, supra; Fitch, supra.* Nor may an award be based solely on the amount of time plaintiff's attorney has expended on the litigation. *Fryar I, supra; Marez v. Kerr-McGee Nuclear Corp.,* 93 N.M. 9, 595 P.2d 1204 (Ct.App.1978); *Lamont v. New Mexico Military Institute,* 92 N.M. 804, 595 P.2d 774 (Ct.App.), *cert. denied,* 92 N.M. 675, 593 P.2d 1078 (1979).

From our examination of the trial court's findings of fact and its conclusion of law no. 6 which determined that plaintiff was entitled to judgment in the sum of $7,500.00 for his attorney's fees, it is evident that not all of the *eleven factors* that must be considered under *Fryar I,* and *Fitch, supra,* were included in the court's findings. Notably, no finding was made as to the present value of the plaintiff's award as required by § 52–1–54D(2), N.M.S.A.1978, and *Fryar I, supra.* The only evidence in the record concerning the computation of present value, and which was presented by the plaintiff's attorney, contained an arithmetic error in that it was based upon payment of $416 per week for a period of 600 weeks. In fact defendants had previously paid to plaintiff compensation benefits for a period of 32 weeks.

■ The present value of the total award obtained by plaintiff, properly discounted, must be computed in arriving at the proper amount of attorney's fees to be awarded, and the court's findings and ultimate conclusions must so reflect such a factor. *See Fryar I, supra; Fryar II, supra; Clymo v. United Nuclear Corp., supra; see generally, Marez v. Kerr-McGee Nuclear Corp., supra,* (Sutin, J., specially concurring). In comput-

ing the present value of an award as a factor in determining attorneys fees, the 5% discount rate mentioned in the Workmen's Compensation Act, § 52–1–30 B, in calculating lump sum awards, should be considered as a minimum level in the range of discount figures and not the ceiling. *C.F. Youell v. Basin Motor Co.,* No. 13,380 (N.M. Sup.Ct. filed Oct. 16, 1981). In computing the discount, the formula referred to in N.M.U.J.I. Civ. 18.22, N.M.S.A.1978 (Repl. 1980), is an appropriate standard.

■ We are mindful that, in each case, the amount of an award for attorney's fees in workmen's compensation proceedings is a matter entrusted to a sound discretion of the trial court and that the setting of attorney's fees should not have a "chilling effect" on representation of claimants in such cases. Nevertheless, the award must be based upon evidence in the record and must indicate that the award was computed with consideration of each of the eleven factors mandated in *Fryar I, supra,* including the statutory requirements of § 52–1–54. The guidelines are not advisory but mandatory.

■ In determining the attorney's fee to be awarded, in addition to consideration by the trial court of the guidelines enunciated by Justice Easley in *Fryar I,* the record must contain substantial evidence upon which to support findings of fact adopted by the court on the award. *Matter of Briggs,* 91 N.M. 84, 570 P.2d 915 (1977); *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978). Findings may not rest upon mere speculation and conjecture. *Spingola v. Spingola, supra.* In *Fryar I, supra,* the Supreme Court stated:

> Further, we reiterate the need for *evidentiary support* for fees awarded by a trial court. *Trujillo, supra.* [Emphasis supplied].

■ In the case at bar, plaintiff presented no evidence as to the current rate of inflation or cost of living in the locality. Neither does the record reflect evidence as to the present value of the award, correctly discounted, or what amount constitutes a proper discount figure. Although a sepa-

rate evidentiary hearing apart from the trial on the merits is not required in order for the trial court to make a proper award of attorney's fees in workmen's compensation actions, *Lopez v. K. B. Kennedy Engineering Co.*, 95 N.M. 507, 623 P.2d 1021 (Ct.App. 1981), the record must contain substantial evidence upon which the court's findings as to attorney's fees may properly rest. Statements of counsel not under oath unless stipulated to by opposing parties are not a proper basis for an ultimate finding by the court. N.M.R.Evid. 603. The amount of an award of attorney's fees in a workman's compensation proceeding must find a proper evidentiary support in the record and is a question of fact for determination by trier of fact.

■ The attorney's fee awarded by the court was not supported by sufficient findings or substantial evidence as required by *Fryar I.*

The judgment as to award of attorney's fees is reversed and the case is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

The majority opinion is based upon the fact that "The attorney's fee awarded by the court was not supported by sufficient findings or substantial evidence as required by *Fryar I.*" It is not based upon the doctrine of an abuse of discretion by the district court in its award of attorney fees.

A. *The district court did not abuse its discretion.*

*Fryar I* is *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979). A question has arisen whether *Fryar I*, by providing guidelines, has disposed of the doctrine of abuse of discretion in an award of the amount of an attorney fee. I think not.

Heretofore, it has been summarily stated that the amount to be allowed for services

of attorneys was a matter of discretion and that the district court abused or did not abuse its discretion. *Hathaway v. New Mexico State Police*, 57 N.M. 747, 263 P.2d 690 (1953); *Mascarenas v. Kennedy*, 74 N.M. 665, 397 P.2d 312 (1964); *Ortega v. New Mexico State Highway Department*, 77 N.M. 185, 420 P.2d 771 (1966); *Waymire v. Signal Oil Field Service, Inc.*, 77 N.M. 297, 422 P.2d 34 (1966); *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978); *Gallegos v. Duke City Lumber Co., Inc.*, 87 N.M. 404, 534 P.2d 1116 (Ct.App.1975); *Gearhart v. Eidson Metal Products*, 92 N.M. 763, 595 P.2d 401 (Ct.App.1979); *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 595 P.2d 1204, 597 P.2d 1178 (Ct.App.1978); *Lamont v. New Mexico Military Institute*, 92 N.M. 804, 595 P.2d 774 (Ct.App.1979). *Fryar II, Johnsen v. Fryar*, 96 N.M. 323, 630 P.2d 275 (Ct.App.1980), Lopez, J., dissenting.

None of the above cases determined whether the trial court did or did not act "beyond the bounds of reason." The meaning of "abuse of discretion" was shown in *State v. Kincheloe*, 87 N.M. 34, 528 P.2d 893 (Ct.App.1974), Sutin, J., dissenting; and *Hernandez v. Brooks*, 95 N.M. 670, 625 P.2d 1187 (1980), Sutin, J., dissenting. Its meaning will not be re-stated.

In this area of the Workmen's Compensation Act, *Fryar I* did not abolish the doctrine of "abuse of discretion." For over 60 years we have consistently said that "An abuse of discretion is said to occur when the court exceeds the bounds of reason, all the circumstances before it being considered." *Acme Cigarette Services, Inc. v. Gallegos*, 91 N.M. 577, 580, 577 P.2d 885 (Ct.App. 1978). "All the circumstances before it being considered" means "all of the facts before it being considered."

Relative to the amount of plaintiff's attorney fee, the facts considered by the trial court are found in Finding No. 9 set out in the majority opinion. The facts considered were: (1) the relative success of plaintiff's attorney; (2) the extent to which the issues were contested; (3) the complexity of the issues; (4) the ability, standing, skill and

experience of plaintiff's attorney; (5) the rise in the cost of living; and (6) the time and effort expended by the attorneys. Neither the evidence nor the value of each of these factors are essential as findings.

The evidence shows that plaintiff's attorney spent approximately 25 hours prior to the time the claim was filed, 28 hours to the time of preparation for trial, 30 hours preparation for trial, 5 hours trial time and 8 hours post trial time. The total time spent was about 96 hours. The hourly fee normally charged for this type of work in the community was $70.00 an hour. The value of time and effort expended was about $6,720.00. The trial court awarded plaintiff an attorney fee of $7,500.00. To value each of the other factors considered by the court would raise plaintiff's attorney fee beyond this amount.

> The majority opinion in *Fryar II* states: The "fee normally charged" factor means the fee normally charged for services. The services are identified in *Fryar v. Johnson*, supra. Thus, the fee normally charged factor means—how much is normally charged for filing a one page complaint, how much is normally charged for filing requests for admissions, how much is normally charged for a trial of less than one day, etc. [630 P.2d 280.]

This statement seems to say that an amount to be awarded a plaintiff for services rendered begins with the filing of the complaint. *Fryar I* identified the services as "6. the time and effort expended by the attorney in the particular case." [93 N.M. 487, 601 P.2d 718.] I do not read any of the cases cited to hold that plaintiff is not entitled to an attorney fee for services rendered prior to the filing of the complaint. Section 52–1–54(D) provides that "the compensation to be paid the attorney * * * shall be fixed by the court * * * in such amount as the court may deem reasonable and proper * * *."

No reference is made to services rendered in the case from the time of filing the complaint. Essential in the determination of the amount of an award is "the time and effort expended by the attorney." To hold otherwise is to discourage competent lawyers from "time and effort expended" in research, conferences with client and witnesses, and negotiations with insurance carriers and opposing lawyers. It would encourage lawyers to file the complaint immediately and, thereafter, strive diligently to obtain compensation for the workman. Settlement of cases would decline. Litigation would be fostered. This policy should not be adopted. It would not serve the best interests of the workman.

If the implications stated in *Fryar II* are correct, it should be overruled.

In the instant case the trial court did not act beyond the bounds of reason. It did not abuse its discretion in the amount of the award of plaintiff's attorney fee.

B. *Fryar I "guidelines" are not mandatory requirements.*

The majority opinion states that "the trial courts must follow [the guidelines in *Fryar I*] in determining the proper attorney fees to be awarded * * *." "The guidelines are not advisory but mandatory." These statements in the opinion mean to me that trial courts are mandated to follow all of the guidelines in *Fryar I* to determine the amount of the attorney fee to be awarded. I disagree.

*Fryar I* said:

> Our trial court needs more definite *guidelines* to determine the amount to award for attorney fees in workmen's compensation cases. We hold therefore that, in addition to the statutory requirements, *the following factors are subject to consideration*: [Set forth in majority opinion.] [Emphasis added.] [93 N.M. 488, 601 P.2d 718.]

"Guidelines" are lines by which a trial court should be guided in arriving at the amount of an attorney fee to be awarded plaintiff. There are 11 guidelines, not one. They run in various directions.

"Subject to" has a variety of definitions, dependent upon the subject matter. The words usually indicate a condition of one party's duty to perform. *Scafidi v. Puck-*

*ett,* 118 Ariz. 589, 578 P.2d 1018 (Ct.App. 1978). "The word 'consider' in this connection means 'to think about; reflect upon; give close attention to; ponder.' " *Central of Georgia Ry. Co. v. Holmes,* 223 Ala. 188, 134 So. 875, 876 (1931).

Factors "subject to consideration" as guidelines of the trial court means that the trial court has a duty to think about the various factors which assist the trial court to arrive at the amount of the award. It does not mean that the trial court has a duty which mandates the trial court to take each factor, value it in money, and, from the total money value of the 11 guidelines, determine the amount to award as an attorney fee. To do so may inflate the size of attorney fees to cause a return to the summary statement made: "The trial court abused its discretion."

If this analyzation does not express the intention of the Supreme Court in *Fryar I,* clarification is necessary. By reversal of this case, the trial court may find that plaintiff is entitled to an award far in excess of $7,500.00.

The purpose of this discussion is not to diminish the amount of awards made but to allow the trial court to arrive at a reasonable fee. We should respect the amount of an award fixed by the trial court even though it may vary from judge to judge and from case to case. Only when an appellate court is convinced from the cold record that the trial court acted beyond the bounds of reason, should the amount of an award be disturbed and the reasons therefore stated.

C. *The attorney fee awarded was supported by sufficient findings or evidence.*

Finding No. 9 set forth six factors considered in making the award of the attorney fee. The attorney presented the evidence upon which the finding was made. The attorney fee award was supported both by sufficient findings and evidence.

The award should be affirmed.